COLLIER *v.* DUFFELL *et al.*

GILBERT, J. 1. "The General Assembly shall have power to make all laws and ordinances consistent with this constitution, and not repugnant to the constitution of the United States, which they shall deem necessary and proper for the welfare of the State." Constitution of Georgia, article 3, section 7, paragraph 22, Civil Code (1910), § 6450.

2. Under the constitutional amendment of 1912 (§ 6523), the General Assembly was authorized to abolish the offices of justice of the peace and notary public and ex-officio justice of the peace in certain cities, and to establish in lieu thereof "such court or courts or system of courts as the General Assembly may deem necessary." Under said amendment express authority was granted to the General Assembly to confer upon such new court or courts "additional jurisdiction either as to amount or subject-matter as may be provided by law," with certain limitations not material to the present issue.

3. It follows from the above rulings, that, while the General Assembly had express constitutional authority to confer additional jurisdiction within the prescribed limitation "as to amount or subject-matter," such provision can not by implication or inference deny to the General Assembly the power also of conferring additional territorial jurisdiction (not inconsistent with the constitution of Georgia and not repugnant to the Federal constitution). Said amendment of 1912 does not in any manner restrict the General Assembly in the matter of territorial jurisdiction.

4. The constitution of Georgia, with reference to civil cases, provides a general rule, to which there are stated exceptions, that all civil cases shall be tried in the *county* where the defendant resides. Article 6, section 16, paragraph 6, Civil Code (1910), § 6543. There is no provision of the constitution which prohibits the General Assembly from enlarging the territorial jurisdiction of justices of the peace and notaries public and ex-officio justices of the peace. *Starnes* v. *Mutual Loan &c. Co.*, 102 *Ga.* 597 (29 S. E. 452). The General Assembly having abolished justice courts in the City of Atlanta and having established the municipal court in lieu thereof, and there being nothing in the constitutional amendment of 1912 confining the territorial jurisdiction within the limits of said city, the act of 1925 is not unconstitutional for any reason assigned by petitioner. It follows that the court did not err in sustaining the demurrer and dismissing the petition.                    *Judgment affirmed. All the Justices concur.*

No. 5832. NOVEMBER 22, 1927. REHEARING DENIED JANUARY 13, 1928.

Petition for injunction. Before Judge Pomeroy. Fulton superior court. December 16, 1926.

Duffell sued Collier in the municipal court of Atlanta (Fulton division), and procured a judgment. Collier resided in Fulton

County, but without the corporate limits of Atlanta. He did not appear to defend the suit. Subsequently garnishment proceedings were instituted by Duffell to enforce the judgment; whereupon Collier brought an equitable petition against Duffell and the chief judge "for and in behalf of the municipal court," to enjoin said proceedings, on the ground that the act of the General Assembly of 1925, relating to said court (Ga. Laws 1925, p. 370 et seq.), was unconstitutional in so far as it undertook to confer jurisdiction upon the municipal court over territory in Fulton County not within the City of Atlanta, the contention being that the constitutional amendment of 1912 relating to justice courts (Ga. Laws 1912. p. 30) did not authorize the General Assembly to extend territorial jurisdiction of the municipal court outside the corporate limits of Atlanta. All the facts were agreed upon, and the sole question was whether the act of 1925 was unconstitutional. A demurrer to the petition was sustained, and the petitioner excepted.

*Morris Macks,* for plaintiff.

*B. L. Milling, Aldine Chambers, Dorsey, Shelton & Dorsey* and *Ralph H. Pharr,* for defendants.