STRICKLAND *v.* HOUSTON *et al.*

616

No. 8466. October 15, 1931. Rehearing denied November 14, 1931.

*Elijah A. Brown Jr.,* for plaintiff.

*Tye, Thomson & Tye,* for defendants.

Gilbert, J. On June 24, 1920, John and Lizzie Strickland made to Beacham a mortgage covering real estate "lying and being in land lot fifty-seven of the fourteenth district of Fulton County," particularly described. By assignment this mortgage became the property of Purchase Money Note Company, which in foreclosure proceedings in the municipal court of Atlanta became the purchaser at a sale of the property by the marshal of that court, and later conveyed it by deed to Houston. Ejectment was brought by Strickland against Houston, for recovery of the land. On the trial a verdict in favor of Houston was directed, and Strickland excepted. There are four assignments of error; one of which is based upon the direction of the verdict. The brief of the plaintiff states, "there are only three questions of law involved." These questions relate to the constitutionality of the act (Ga. Laws 1913, p. 145) creating the municipal court of Atlanta, and the constitutionality of the act (Ga. Laws 1925, p. 370), amending the act of 1913 and enlarging the territorial jurisdiction of the Fulton section of that court; and to whether there was evidence sufficient for the jury to find that Strickland was a resident of Georgia at the time the attachment issued.

The first, second, third, and fourth headnotes do not require elaboration.

■ The act of 1913, supra, creating the municipal court of Atlanta, and the subsequent amendments, were further amended by the act of 1925 (Ga. Laws 1925, p. 371) by extending the territorial jurisdiction of said court "over the entire county of Fulton," with exceptions which for present purposes it is not material to state. It is contended that the act of 1925 is a special law operative only within the county of Fulton in so far as giving the marshal authority to sell land outside the city, and is special legislation in a case for which provision has been made by existing general law, and is special legislation affecting and attempting to vary private rights, to which consent in writing has not been given by all to be affected. The act of 1925 is not subject to any of these criticisms. As ruled in *Collier* v. *Duffell,* 165 *Ga.* 421 (141 S. E. 194), there was express constitutional authority for enlarging the jurisdiction of the municipal court of Atlanta "either as to amount or subject-matter as may be provided by law." It was held in that case that the enlargement of the territorial jurisdiction was not unconstitutional for any reason assigned. No valid reason is assigned in the present case. Constitutional authority was required for the abolition of courts of justice of the peace and notaries public ex-officio justice of the peace, because these courts were of constitutional origin. Art. 6, sec. 1, par. 1, of the constitution of Georgia (Civil Code (1910), § 6497) provides that "The judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, *and such other courts as have been or may be established by law.*" (Italics ours.) This necessarily empowers the General Assembly to prescribe territorial limits, within which such courts as may be established shall exercise jurisdiction, since the constitution makes no such provision. The constitution expressly provides for the creation of the municipal court of Atlanta, and nowhere contains any provision restricting any territorial limits that may be provided by the General Assembly. The constitutional amendment (1912) authorizes the creation of municipal courts in cities having more than twenty thousand population. The City of Atlanta has more than twenty thousand, and it includes within its territorial limits a portion of DeKalb County. So that the General Assembly was authorized to include within the territorial limits of the Atlanta municipal court terri-

tory outside of Fulton County. The judgment of the court and the enforcement thereof does not affect private rights in the sense that the term "private rights" is employed in the constitution of Georgia, art. 1, sec. 4, par. 1 (Civil Code (1910), § 6391). The only effect on private rights is that which every valid judgment may have when enforced according to law.

■ It is insisted that "only the sheriff of Fulton County or his deputy had authority to sell this property." A sufficient reply to that contention will be found in the act of the General Assembly of 1913 (Ga. Laws 1913, at p. 157). "The duties, powers, rights, authority, and liabilities of said marshal, and each of said deputies, shall be the same as those prescribed for constables elected or appointed, and serving in justice courts of this State, and in addition the same as those prescribed by law for sheriffs of the several counties, so far as the same are consistent with the terms of this act, and such other duties as may be prescribed from time to time by the judges of said court in the rules of court." It follows from the ruling made above that the act extending the territorial limits throughout the county of Fulton is constitutional and valid; and that there is no meritorious objection to the further provision of the act of 1925 as contained in § 29, p. 377, empowering the marshal of said court, Fulton section, to advertise or make sales of real estate outside of the City of Atlanta. Nor is the further objection meritorious that this section of the act gives to the marshal of the municipal court of Atlanta, Fulton section, powers not given to other marshals of municipal courts created under other and different acts of the General Assembly for other municipalities and counties. The further objection that the sheriff of Fulton County is empowered to perform similar duties in the same territory does not amount to a valid constitutional objection to the act.

*Judgment affirmed. All the Justices concur.*