Solly MAGDOFF, Intervenor and Majestic Major Appliance Corporation, Appellants,

v.

SAPHIN TELEVISION & APPLIANCE, Inc., Appellee.

No. 15628.

United States Court of Appeals Fifth Circuit.

Dec. 21, 1955.

failed to prosecute it, its appeal is dismissed, and against the intervenor-appellant because, as to the defendant, the judgment he appealed from is affirmed.

Plaintiff's appeal is Dismissed. On intervenor's appeal the judgment is affirmed as to defendant and reversed as to plaintiff.

---

Harold B. Berman, Wm. Madden Hill, Dallas, Tex., for appellants.

J. Manuel Hoppenstein, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

PER CURIAM.

Appealing from a judgment which, dismissing plaintiff's suit upon defendant's motion, also dismissed intervenor from the suit, intervenor is here insisting that the judgment as to him must be reversed because (1), though permissive and not of right, his intervention was not ancillary [1] but independent, and, therefore, survived the dismissal of plaintiff's suit; and (2) it stated a recoverable claim for commissions [2] due him, as agent of plaintiff, against both plaintiff and defendant.

We agree with intervenor: that, though permissive and not of right, his intervention was not ancillary to, but independent of, plaintiff's suit; that, as such it survived the dismissal of that suit; that it stated a claim against the plaintiff; and that, because it did, the judgment must be reversed as to plaintiff, with costs to intervenor. No recoverable claim, however, was stated as to defendant. The judgment dismissing the intervention as to it is, therefore, affirmed with costs to defendant against the plaintiff-appellant because, having

---

1. 28 U.S.C. § 1332, Rule 24, Fed.Rules Civ.Proc. 28 U.S.C.; Hunt Tool Co. v. Moore, 5 Cir., 212 F.2d 685.

2. Adopting plaintiff's allegations that it had entered into a contract with defend-

ant for the sale to, and purchase by, it of 2000 air conditioners, intervenor's claim was that it had made the sale as agent for the plaintiff for a commission of 2 percent of the gross sales price, or $6997.26, agreed upon between them.