## 20505. MAYOR &c. OF CARROLLTON *et al. v.* CHAMBERS *et al.*

CANDLER, Justice. Miss Thelma Chambers filed a suit for equitable relief in the Superior Court of Carroll County on November 4, 1952, against named persons, as Mayor and Councilmen of the City of Carrollton, and also against the City of Carrollton, a municipal corporation. In substance and so far as need be stated her petition, as twice amended, alleges: She is a resident, citizen, and taxpayer of the defendant city and owns realty therein which abuts Hill Drive for a distance of 300 feet. The city has recently paved said drive and levied an assessment against her property for $1,107.26, or for one-half of the total cost of paving that part of the drive which is adjacent to her property. The assessment levied against her property is null and void and the enforcement of it should be enjoined because: (1) the defendants did not follow and comply with the mandatory provisions of its paving and assessment statutes; (2) the cost of the paving for which the assessment was levied is excessive and unreasonable; and (3) the amending act of 1953 (Ga. L. 1953, Jan.-Feb. Sess., p. 3061), under which the assessment was levied, is null and void, since it offends enumerated provisions of the State and Federal Constitutions. There is a prayer that the defendants be enjoined from enforcing the assessment. The defendants demurred to the amended petition, on the ground that it failed to state a cause of action for equitable relief since she had an adequate and complete remedy at law. They also demurred on several other general and special grounds. On January 23, 1959, Mrs. Ida Chambers filed a petition for leave to intervene in the cause. Her petition for such leave adopted the allegations and prayers of the original petition as amended, and alleged that she has a life estate in the realty involved; that she, unlike the plaintiff Miss Thelma Chambers, is not permitted to contest the assessment by an affidavit of illegality; and that she is entitled to have a court of equity grant her the relief which the original plaintiff sought by her amended petition. The court overruled some of the demurrers which the defendants interposed to the intervenor's petition, did not pass on others, and refused to strike it. All of the demurrers to the original petition as amended were overruled. The defendants excepted to both judgments. *Held:*

1. Equity grants no relief to one who has an adequate and complete remedy at law for the redress of an actionable wrong. Code § 37-120. Under the charter of the City of Carrollton, affidavits of illegality are expressly made available. Ga. L. 1943, p. 1352. Section 1 of that act authorizes and empowers the city to issue an execution or fi. fa. for any property tax or paving assessment due it, and section 2 thereof expressly provides that any person, firm, or corporation against whom such an execution or fi. fa. has been issued may contest its validity by an affidavit of illegality. Under such available procedure at law, every question raised by the amended petition in the instant case could have been raised and determined in an affidavit of illegality proceeding. As controlling authority for the ruling just made, see the full-bench decision of this court in *Mayor &c. of Gainesville* v. *Dean,* 124 *Ga.* 750 (1) (53 S. E. 183), where questions like those being presently considered respecting the validity of paving assessments were raised by the plaintiff's equitable petition, and where it was held that, since the plaintiff had an adequate and complete remedy at law by affidavit of illegality, the court erred in granting an injunction. To the same effect, see also *City of Carrollton* v. *Word,* 215 *Ga.* 104 (109 S. E. 2d 37), where it was unanimously held that an affidavit of illegality, and not a petition for injunction, was the procedure which the plaintiff should have employed to test the validity of property-tax assessments.

2. "When an equitable petition is dismissed upon general demurrer, an intervention [previously interposed] follows the fate of the original petition." *Bass* v. *Mayor &c. of Milledgeville,* 180 *Ga.* 156 (178 S. E. 529); *Atlanta & Carolina Ry. Co.* v. *Carolina Portland Cement Co.,* 140 *Ga.* 650 (2) (79 S. E. 555); *Smith* v. *Manning,* 155 *Ga.* 209 (4) (116 S. E. 813); *Lively* v. *Grinstead,* 210 *Ga.* 361 (80 S. E. 2d 316). In the instant case, the original petition as amended did not allege an equitable cause of action, and for that reason it should have been dismissed on general demurrer. Hence, the intervention had nothing to rest on and it should have been stricken.

*Judgments reversed. All the Justices concur.*

ARGUED JUNE 8, 1959—DECIDED JULY 8, 1959.

*Lamar Knight, Robt. D. Tisinger,* for plaintiffs in error.
*Shirley C. Boykin,* contra.