20610. SAULS *v.* WINTERS.
20611. JONES COUNTY *v.* WINTERS.

SUBMITTED SEPTEMBER 15, 1959—DECIDED OCTOBER 14, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

*George L. Jackson,* for plaintiffs in error.
*J. Pierce Anderson, Martin, Snow, Grant & Napier,* contra.

CANDLER, Justice. On May 29, 1959, A. B. Winters, alleging himself to be the Secretary and Treasurer of the Town of Gray, and as such officer charged with the official duty of seeing that all property in the town is correctly returned for ad valorem taxes, brought mandamus against Mrs. Marilyn Greene Sauls in her official capacity as Tax Receiver of Jones County, to compel her to permit him to examine the county tax returns for 1959 of those individual taxpayers who own property in the Town of Gray, for the purpose of ascertaining whether or not such taxpayers were making proper returns to the town for ad valorem tax purposes. His petition alleges that he did, on April 30, 1959, personally, and again on May 7, 1959, through his attorneys, request the defendant to permit him to examine such returns for the purpose mentioned above when his examination of them would not interfere with her or the county board of tax assessors' official use of them. Attached to and made a part of his petition, is a letter from the defendant to his attor-

neys, dated May 11, 1959, which reads: "In reply to your letter of May 7, 1959, this is to inform you that the records you refer to are not in my care, custody, or control; but that the tax returns for the year 1959 are in the hands of the tax assessors of Jones County, Georgia." It is also alleged that the petitioner again on May 26, 1959, asked the defendant for permission to examine or inspect such returns, and that he was then informed by her that they were still in the custody of the board of tax assessors and would be until the board completed its work, and for that reason she could not produce them for his examination and inspection. There is attached to and made a part of the petition a letter which the defendant wrote the Town of Gray, dated April 30, 1959, in which she stated that the petitioner would be permitted on specified conditions to examine or inspect such returns after the board of tax assessors had completed its work respecting them and after she had from the use of them compiled the 1959 tax digest which the law requires her to prepare and file with the State Revenue Commissioner not later than the first day of August annually. An amendment to the petition alleges that it is the custom and practice of the Tax Assessors of the Town of Gray to revise the tax returns received by the petitioner not later than the first day of August annually, and in order to furnish said tax assessors all available information needed to examine and inspect the county tax returns relating to property within the Town of Gray prior to the first day of August, 1959. The defendant demurred generally and specially to the petition as amended on several grounds and she also answered it. Among her several grounds of demurrer, are the following: The amended petition states no cause of action for the relief sought, and it affirmatively shows that the petitioner has not requested permission from her to examine or inspect the records involved at a time when she had care, custody, or control of them. The court overruled all of the demurrers, and that judgment is properly excepted to. Jones County filed an application for leave to intervene and become a party to the cause. Its application was denied, and this judgment is excepted to by Jones County in a separate bill of exceptions. On the trial a mandamus absolute was granted, and

this judgment is also excepted to by the defendant in her separate bill of exceptions.

The trial judge erred in overruling those grounds of the demurrer which we have set out in our statement of the case, and in thereafter refusing to dismiss the amended petition. Section 92-6902 of the Annotated Code of 1933 requires the tax receivers of this State to deliver all tax returns of the county for the current year to the county's board of tax assessors within ten days after the first day of April for equalization purposes. And Code (Ann.) § 92-6917 gives such board until June 1 of the current year for the performance of its equalization functions. But in *Garr* v. *E. W. Banks Co.*, 206 *Ga.* 831 (5) (59 S. E. 2d 400), this court held that the provision in § 92-6917 which requires the board to complete its equalization duties by June 1 annually is merely directory; and that it has power and authority to perform and complete any of its official duties after that date; hence, we hold that such board has the right to retain possession and control of all annual tax returns until its official duty respecting them is completely performed. The allegations of the amended petition in this case affirmatively show that the tax returns which the petitioner desired to examine or inspect were not in the defendant's possession or control at any time when he or his attorneys requested her to grant him permission to examine or inspect them, and there is no allegation in the amended petition that they were in her custody and control when this litigation was instituted; hence it failed to state a cause of action for the relief sought. "Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless; . . ." Code § 64-106; *Smith* v. *Hodgson*, 129 *Ga.* 494 (59 S. E. 272). And a petition for the writ of mandamus which fails to allege that the defendant is in a position to perform the act which the applicant seeks to enforce does not state a cause of action for such relief and is subject to be dismissed on general demurrer. *McGill* v. *Osborne*, 131 *Ga.* 541 (1) (62 S. E. 811). Hence, the judgment overruling the defendant's general demurrer is erroneous, and all further action taken in the case is nugatory. Since we have held that the petition of Winters against Mrs. Sauls for the writ of mandamus

failed to state a cause of action for that relief and should have been dismissed, it necessarily follows that the judgment denying Jones County's application for leave to intervene in that proceeding is not erroneous; and this is true because there was nothing for the intervention to rest on. See *Mayor &c. of Carrollton* v. *Chambers*, 215 *Ga.* 193 (109 S. E. 2d 755), and the cases there cited.

*Judgment in Case No. 20610 reversed. Judgment in Case No. 20611 affirmed. All the Justices concur.*