20980. BURPEE *et al.* v. LOGAN *et al.,*
Commissioners, *et al.*

A<small>RGUED</small> S<small>EPTEMBER</small> 12, 1960—D<small>ECIDED</small> N<small>OVEMBER</small> 10, 1960—
R<small>EHEARING</small> <small>DENIED</small> N<small>OVEMBER</small> 22, 1960.

*Rupert A. Brown, L. D. Skaggs, pro se,* for plaintiffs in error.
*Stephens, Fortson, Bentley & Griffin,* contra.

H<small>EAD</small>, Presiding Justice. George T. Burpee filed his petition for equitable relief, seeking to enjoin Raymond E. Lester from discharging any of the duties as Judge of the Magistrate's Court of Clarke County, and to enjoin the Commissioners of Roads and Revenues from furnishing him an office or supplies, and the payment of the salaries provided by an act approved March 23, 1960 (Ga. L. 1960, pp. 3208-3221). The petition, as amended, attacked certain sections of the act as unconstitutional, null, void, and of no effect. The intervention of L. D. Skaggs was allowed, subject to demurrer. The defendants' renewed general demurrer to the petition as amended, and to the intervention, was sustained, and the exception is to this judgment.

By amendment to Art. VI, Sec. VII, Par. I of the Constitution of 1877 (Ga. L. 1912, p. 30), ratified on October 2, 1912, it was provided that "the General Assembly may, in its discretion, abolish Justice Courts and the office of Justice of the Peace and of Notary Public, ex-officio Justices of the Peace in any City of this State having a population of over twenty thousand, . . . and establish in lieu thereof, such Court, or Courts, or system of Courts as the General Assembly may . . . deem necessary," and

it was provided that any court so established "shall not be subject to the rules of uniformity laid down in Paragraph 1 of Section 9 of Article 6 of the Constitution of Georgia." By amendment (Ga. L. 1927, p. 117), ratified on November 6, 1928, the authority of the General Assembly to abolish justice courts and the offices of justice of the peace and notary public ex-officio justice of the peace was extended to counties having therein a city of over 20,000 population. These amendments were valid and became a part of the Constitution of 1877. *Cooney v. Foote,* 142 Ga. 647 (83 S. E. 537, Ann. Cas. 1916B, 1001); *Collier v. Duffell,* 165 Ga. 421 (141 S. E. 194); *Strickland v. Houston,* 173 Ga. 615 (161 S. E. 262).

Art. VI, Sec. VII, Par. I of the Constitution of 1877, as amended, appears as Art. VI, Sec. VII, Par. I of the Constitution of 1945 (*Code Ann.* § 2-4201). The people of this State have, therefore, twice approved authority to the General Assembly to abolish the offices of justice of the peace and notary public ex-officio justice of the peace. There is no conflict in the amendments to the Constitution of 1877, and the Constitution of 1945, but if such conflict existed, the Constitution of 1945 is the valid, subsisting constitutional authority for enactment of the law (Ga. L. 1960, pp. 3208-3221) abolishing the offices and courts of justice of the peace and notary public ex-officio justice of the peace in Clarke County. *Hammond v. Clark,* 136 Ga. 313 (10) (71 S. E. 479, 38 L. R. A. (NS) 77); *Wheeler v. Board of Trustees of Fargo Consolidated School District,* 200 Ga. 323 (37 S. E. 2d 322).

The act of 1960 (Ga. L. 1960, pp. 3208-3221) does not violate the uniformity clause of the Constitution (Art. VI, Sec. IX, Par. I; *Code Ann.* § 2-4401), since Art. VI, Sec. VII, Par. I (*Code Ann.* § 2-4201) confers authority on the General Assembly to abolish the offices and courts of justice of the peace and notary public ex-officio justice of the peace expressly, and by specific terms provides that the courts established in their place shall not be subject to the uniformity requirement of Art. VI, Sec. IX, Par. I (*Code Ann.* § 2-4401).

Art. VI, Sec. VII, Par. I (*Code Ann.* § 2-4201) authorizes the establishment of courts "in lieu" of justice courts. Art. III, Sec. VII, Par. XV (*Code Ann.* § 2-1915) provides that no office

to which a person has been elected shall be abolished or the term shortened by a local or special bill, unless the people of the jurisdiction affected approve such bill in a referendum on the question. As applied to the act of 1960, establishing a Magistrate's Court for Clarke County, neither of these provisions of the Constitution is violated, but both are given effect, since the offices and courts of justice of the peace and notary public ex-officio justice of the peace are abolished at the end of the term of such officer, at which time the Magistrate's Court will operate "in lieu" of the justice courts. The provisions of the Constitution relating to the same subject matter must be construed together and harmonized if conflicts appear. *Hammond v. Clark*, 136 Ga. 313, supra. We reject in its entirety any contention that "in lieu", which means "instead", requires a transfer of functions instanter. There is no language in Art. VI, Sec. VII, Par. I (*Code Ann.* § 2-4201) which requires, or even purports to authorize or support, any such contention; and, in the absence of constitutional limitation, the General Assembly was free to supply a termination date.

Constitutional authority was vested in the General Assembly to abolish justice courts in Clarke County long before the plaintiff's term of office began, and he is charged with knowledge of this fact. There is no merit in his contentions that he has a property right in his office or the emoluments thereof under stated provisions of the Constitution. A public office is a public trust and is not the property of the incumbent. A public officer has no vested right in the compensation of his office. *Moseley v. Garrett*, 182 Ga. 810, 815 (187 S. E. 20); *Walton v. Davis*, 188 Ga. 56, 58 (2 S. E. 2d 603), and citations.

The act creating a Magistrate's Court for Clarke County is not in conflict with the general law approved March 18, 1959 (Ga. L. 1959, pp. 424, 425), since this latter act requires only the publication of a notice where officers are selected or appointed by the grand jury. It is not alleged that the clerk failed to perform this duty, but such failure would not invalidate the selection made by the grand jury pursuant to the act creating the Magistrate's Court, since the publication of the notice provided by the 1959 act is directory only. The 1959 act

does not provide that notice of an appointment by the grand jury is essential to its validity. In the absence of such a requirement, this court will not usurp legislative powers to extend a legislative act beyond its clearly expressed terms.

The general demurrer to the petition was properly sustained. " 'When an equitable petition is dismissed upon general demurrer, an intervention [previously interposed] follows the fate of the original petition.' *Bass v. Mayor &c. of Milledgeville,* 180 Ga. 156 (178 S. E. 529) ; . . ." *Mayor &c. of Carrollton v. Chambers,* 215 Ga. 193, 194 (2) (109 S. E. 2d 755).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. Although the Constitution (*Code Ann.* § 2-3601) empowers the legislature to create courts, yet that Constitution (*Code Ann.* § 2-4201) authorizes the legislature to establish magistrate courts when, and only when, they take the place of justice courts that have been abolished. Such courts must be in lieu of, that is, must take the place formerly held by a justice court. Certainly there can be found in the Constitution nothing that authorizes the two courts at the same time. They can not coexist as the law here assailed attempts to have them do, for the constitutional term "in lieu of" is irreconcilable with coexistence. The attempt by the law to establish magistrate courts in Clarke County and at the same time allow justice courts to continue to exist in the county is contrary to the Constitution and therefore void.