30323. GRANGER et al. v. THE STATE.

JORDAN, Justice.
Dale Ray Granger, Billy W. Favors, Rayless Marie Payton, Wanda Kay Hawkins, and Steven H. Favors were

indicted in Richmond Superior Court on multiple charges of violation of the Georgia Controlled Substances Act. They appeal from the overruling of their demurrer to the indictment and from the denial of their motion to suppress evidence obtained by the use of a search warrant.

No argument has been made on the enumerated error in overruling the demurrer to the indictment, and this contention is deemed to be abandoned.

The motion to suppress evidence obtained by the use of a search warrant was based on two contentions, that the affidavit failed to show probable cause for its issuance, and that the search warrant was issued by a person not authorized by law to issue search warrants.

We have examined the affidavit and have determined that it contained facts sufficient to show probable cause for the issuance of the search warrant. The trial judge did not err in finding against this contention of the appellants.

The basis of the appellants' contention that the justice of the peace was without authority to issue the search warrant was that Section 14 of the Act revising the Act creating the Civil Court of Richmond County (Ga. L. 1974, pp. 2410, 2418) ousted the jurisdiction of justices of the peace to sit as a court of inquiry in Richmond County. A judicial officer authorized to hold a court of inquiry to examine into an arrest of an offender against the penal laws has authority to issue a search warrant. Code Ann. § 27-303 (Ga. L. 1966, pp. 567, 568).

The trial judge's order recites that the state made the following constitutional attacks on § 14 of Ga. L. 1974, pp. 2410, 2418: (1) The Section contains matter different from that expressed in the title of the Act in violation of Art. III, Sec. VII, Par. VIII of the Constitution (Code Ann. § 2-1908). (2) The Act refers to more than one subject matter and is in violation of Art. III, Sec. VII, Par. VIII of the Constitution (Code Ann. § 2-1908). (3) The notice of intention to introduce local legislation was insufficient to comply with Art. III, Sec. VII, Par. XV of the Constitution (Code Ann. § 2-1915). (4) Art. VI, Sec. VII, Par. I of the Constitution (Code Ann. § 2-4201) authorizes the abolishment of justices of the peace in a city having

a population of over 20,000, or in a county having within it a city with such population, and creating "in lieu thereof" such other court as the General Assembly may deem necessary. In the creation of the Civil Court of Richmond County, the offices of justice of the peace were abolished only in the City of Augusta, except for § 14, which deprives justices of the peace of their jurisdiction to sit as a court of inquiry in the area of the county outside the City of Augusta.

The trial judge held that all of these constitutional attacks were meritorious, and that the justice of the peace had authority to issue the search warrant.

The present Civil Court of Richmond County was originally created as the Municipal Court of Augusta. Ga. L. 1931, pp. 270-285. The 1931 Act abolished justice courts within the City of Augusta and the territorial jurisdiction of the new court was within the City of Augusta. The 1931 Act has been amended many times. In 1935 (Ga. L. 1935, pp. 505-508) the civil and criminal jurisdiction was extended throughout the County of Richmond. In 1961 (Ga. L. 1961, pp. 2732-2757) an amendment was passed which struck all previous Acts in their entirety. Section 14 of the 1961 Act ousted the jurisdiction of justices of the peace to sit as a court of inquiry in the County of Richmond.

In 1974 (Ga. L. 1974, pp. 2410-2433) the 1931 Act, as amended, was again amended by striking all the former sections, and enacting new sections. These new sections created a Civil Court of Richmond County, and abolished the justices of the peace within the City of Augusta. The territorial jurisdiction given the court, in both civil and criminal cases, extends throughout the entire County of Richmond.

Section 14 of the 1974 Act, supra, is as follows: "Be it further enacted . . . that with the exception of the Judges of Richmond Superior Court and the Judge of the State Court of Richmond County, the said Civil Court shall have exclusive jurisdiction to sit as a court of inquiry to examine into accusations against persons arrested on warrants for offenses committed within the limits of said County of Richmond."

We find no merit in the first three constitutional

attacks made by the state on this section. The caption of the 1974 Act gives notice that it revises, consolidates, and clarifies the laws establishing the court. Section 14, in substantially the same form, had been a part of the law since 1961. The inclusion of that section in the 1974 Act did not make it refer to more than one subject matter, nor did the section make the Act contain matter different from that expressed in the title. The notice of intention to introduce legislation amending the 1931 Act, as amended by stated amendments to the Act, was sufficient to put the citizens of Richmond County on notice of any provision affecting the jurisdiction of the court which appeared in the 1974 Act. *Walker Electrical Co. v. Walton,* 203 Ga. 246 (1) (46 SE2d 184) (1948).

We sustain the trial court's ruling that § 14 of the 1974 Act violates the constitutional provision (Code Ann. § 2-4201) authorizing the creation of courts in lieu of justice courts.

This constitutional provision authorizes the General Assembly to abolish justice courts in any city having a population of more than twenty thousand, or in any county having a city within it with such population, and establish "in lieu thereof" such court or courts, or system of courts, as the General Assembly may deem necessary. These courts have the jurisdiction as to subject matter formerly exercised by justice courts, "together with such additional jurisdiction, either as to amount or subject matter, as may be provided by law, whereof some other court has not exclusive jurisdiction under this Constitution . . ." Code Ann. § 2-4201. This court has held that this quoted provision authorizes the General Assembly to give a court jurisdiction throughout an entire county, although justice courts are abolished only in a city within the county. *Collier v. Duffell,* 165 Ga. 421 (141 SE 194) (1927).

Art. VI, Sec. I, Par. I of the Constitution (Code Ann. § 2-3601) vests the judicial power of the state in named courts, including justices of the peace. A court specifically named in Code Ann. § 2-3601 may not be abolished (see Art. VI, Sec. XVIII, Par. I of the Constitution; Code Ann. § 2-5301), in the absence of other specific constitutional authority. Code Ann. § 2-4201 authorizes the abolishment

of justices of the peace in either a city or a county, but does not give any authority for the enactment of a special law which deprives them of a portion of their jurisdiction in either a city or a county, as Section 14 of the 1974 Act attempts to do by depriving them of their jurisdiction to sit as a court of inquiry. A change in the statutory jurisdiction of the justice courts can only be effected by a general law.

The Act of 1974 is a special law, and the General Assembly was without authority thereby to deprive justices of the peace in Richmond County of jurisdiction to hold courts of inquiry, contrary to the general law (Code § 27-401) giving them such jurisdiction. Compare *Williams v. State,* 138 Ga. 168 (74 SE 1083) (1912).

The 1974 Act provides for the severability of any unconstitutional section. Ga. L. 1974, § 39, pp. 2410, 2431. Section 14 can be struck from the Act without disturbing the general legislative scheme, and without disturbing the criminal jurisdiction of the court, to be exercised concurrently with the justices of the peace in the area of the county outside the City of Augusta.

The trial judge correctly held that the justice of the peace issuing the search warrant had authority to act. It was not error to deny the motion to suppress evidence obtained under the warrant.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only, and Gunter and Ingram, JJ., who dissent.*

Argued October 6, 1975 — Decided December 5, 1975.

*Nicholson, Fleming & Blanchard, John Fleming, B. H. Barton,* for appellants.
*Richard E. Allen, District Attorney, Sam B. Sibley, Jr., Assistant District Attorney,* for appellee.

Gunter, Justice, dissenting.
This case comes here prior to a criminal trial by a certificate for immediate review. The trial judge overruled a motion by appellants to suppress evidence

that they contend was seized under a search warrant that was illegally issued. Their specific contention is that the judicial officer who issued the warrant had no authority to do so.

W. H. Goodson, a Justice of the Peace in Richmond County, issued the search warrant. Appellants' contention is that a Justice of the Peace in Richmond County cannot hold a court of inquiry, and a Justice of the Peace in Richmond County cannot therefore issue a search warrant.

Code Ann. § 27-303 provides that any judicial officer authorized to hold a court of inquiry may issue a search warrant. Code Ann. § 27-401 provides that a Justice of the Peace is authorized to hold a court of inquiry. However, the 1974 General Assembly provided by Local Act applicable only to Augusta and Richmond County that exclusive jurisdiction to sit as a court of inquiry within the limits of Richmond County was vested in the judges of Richmond Superior Court, the judge of the State Court of Richmond County, and the Civil Court of Richmond County. Ga. Laws 1974, pp. 2410, 2418.

Appellants contend that this 1974 statute divested the jurisdiction of Justice of the Peace courts in Richmond County of their power to sit as a court of inquiry; and since they cannot sit as a court of inquiry, Justices of the Peace in Richmond County are without power to issue a search warrant.

The district attorney concedes that appellants' contention would be correct if the 1974 statutory provision that they rely on is constitutional. However, he contends that this part of the 1974 Local Act divesting Justice of the Peace courts in Richmond County of their court of inquiry jurisdiction is unconstitutional.

Although the district attorney bases his attack of unconstitutionality on four grounds, all members of this court agree that the first three grounds are without merit. The majority holds that his fourth ground of attack is meritorious, and it is with this holding that I disagree. I would hold the 1974 statutory provision eliminating Justice of the Peace jurisdiction to hold courts of inquiry in Richmond County constitutional; I would hold that Justices of the Peace in Richmond

County have no power to hold courts of inquiry or issue search warrants in Richmond County; I would hold that the search warrant in this case was invalid; and I would reverse the judgment below.

It is my view that the General Assembly has the power to change the jurisdiction of Justice of the Peace courts in this state by either a General Act or by a Local Act. The only constitutional impediment to this power of the General Assembly is contained in Code Ann. § 2-4202 which fixes the jurisdictional amount of Justices of the Peace in all *civil cases*. That impediment is not applicable here.

The Georgia Constitution (Code Ann. § 2-4201) provides that in any county having a city of over 20,000 population, and in Glynn County, the General Assembly may abolish Justice courts or confer upon "existing courts" jurisdiction now exercised by the Justice courts. My interpretation of this constitutional provision is that the General Assembly can abolish Justice courts in those counties or it can eliminate their jurisdiction and transfer their jurisdiction to existing courts in those counties. This is exactly what the General Assembly did in the 1974 statutory provision attacked by the District Attorney in this case.

The uniformity of courts provision contained in the Georgia Constitution (Code Ann. § 2-4401) is not applicable to Justice of the Peace courts, because it provides for uniformity of jurisdiction to be established by the General Assembly "except as otherwise provided in this Constitution"; and it is otherwise provided in the Constitution in Code Ann. § 2-4201 that the jurisdiction of Justice of the Peace courts does not have to be uniform throughout the state. Only the jurisdictional amount of the Justice of the Peace courts in *civil cases* is provided for in the Constitution, Code Ann. § 2-4202.

As early as 1961 the General Assembly provided by Local Act: "Be it further enacted by the authority aforesaid, and it is hereby enacted by authority of the same, that on and after the passage of this Act, no officer of any justice court whose district lies in whole or in part within the limits of the City of Augusta, Georgia, shall have authority to issue or serve any civil, quasi-criminal

paper, process, or writ of any character, against any person, firm, or corporation residing within the corporate limits of the City of Augusta, Georgia, without regard to the location of the court from which said paper or process issued, *nor shall any justice of the peace issue any criminal warrant for any misdemeanor or crime committed within the limits of the City of Augusta, Georgia.*" Ga. L. 1961, pp. 2732, 2747.

Section 32B of this same 1961 Local Act provided that Justice of the Peace courts that had theretofore exercised jurisdiction throughout the City of Augusta "shall have no jurisdiction over any person, firm, or corporation residing in the City of Augusta, and none of said courts shall have any jurisdiction to try any civil or criminal cause therein pending against any resident of the City of Augusta . . ." Ga. L. 1961, pp. 2747, 2748.

I think these 1961 statutory provisions were constitutional, and they show a determined effort on the part of the General Assembly to define and limit the jurisdiction of Justice of the Peace courts in Richmond County.

The General Assembly can abolish Justice of the Peace courts in certain cities and certain counties of this state as provided in the Constitution (Code Ann. § 2-4201). The jurisdictional amount in civil cases in Justice of the Peace courts is fixed by the Constitution (Code Ann. § 2-4202). But I find no constitutional prohibition that would prevent the General Assembly from changing or abolishing the jurisdiction and power of Justice of the Peace courts with the exception of the jurisdictional amount in civil cases just referred to.

I think the 1974 Local Act which precludes a Justice of the Peace from holding a court of inquiry in Richmond County and vests that power exclusively in existing courts is constitutional.

I would hold that the Justice of the Peace who issued the warrant in this case had no power to do so, and I would reverse the judgment of the trial court.

I respectfully dissent.