## 58713. PICKARD v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals the revocation of the probation to which he was sentenced when he was convicted of misdemeanor possession of marijuana. The revocation was for possession of marijuana and a separate distribution of marijuana to two juveniles. The evidence showed that during the period of probation police officers entered defendant's residence on a search warrant and found marijuana, the odor of burning marijuana, and defendant and several other persons there. The identification of the marijuana was made by a police officer based on his training and experience. Two 15-year-old-girls testified that at another time defendant had given them marijuana cigarettes which they smoked. They identified the cigarettes as marijuana from their experience in using it and because it made them feel high when they smoked it. No other evidence of identification such as by laboratory analysis was introduced. *Held:*

1. The trial court did not err in revoking the probation because there was insufficient evidence to identify the marijuana as such. Slight evidence of a violation is sufficient to support revocation. *Weir v. State,* 145 Ga. App. 618 (244 SE2d 123). The evidence presented meets this standard.

2. Defendant claims the denial of his motion for a directed verdict because he was not shown to be actually or constructively in possession of the marijuana found in his residence was error. We disagree and find the evidence was sufficient to establish such possession. *Sisson v. State,* 141 Ga. App. 559 (3) (234 SE2d 146).

3. Defendant's final enumeration is that the court erred in denying a motion to suppress evidence seized from defendant's residence because the search warrant was defective. The contentions are that the informant whose information was the basis for the warrant was possibly unreliable because there was no showing that arrests caused by the informant's prior information resulted in convictions, and that there was no evidence that the information for the warrant was given under oath or that the warrant was signed by one who had authority

to issue a warrant. The warrant shows on its face that the affidavit was sworn to before the issuing judge by a police officer. The officer stated in the affidavit that a reliable informant he had known for three years and whose previous information had produced seven arrests for drug violations, had personally observed marijuana, other drugs and related materials at defendant's residence and in others possession at the residence within the preceding two days.

Defendant has not directed us to nor do we find any authorities requiring convictions to establish an informant's reliability. On the contrary, this court has upheld a search warrant absent evidence of convictions on information provided by a known confidential informant who three times previously provided information leading to drug arrests. *Fowler v. State,* 128 Ga. App. 501, 503 (197 SE2d 502).

Defendant also cites no authority for his contention that the warrant was invalid because there was no evidence it was signed by a proper judicial officer. The record shows that the warrant was signed by Eddie Ball, who was established by testimony as a justice of the peace, and justices of the peace are authorized to issue search warrants. *Granger v. State,* 235 Ga. 681 (221 SE2d 451). The trial court correctly denied the motion to suppress.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Argued October 18, 1979 — Decided November 8, 1979 — Rehearing denied December 5, 1979 —

*Kenneth L. Gordon,* for appellant.
*Clifford A. Cranford, Solicitor, Richard L. Fullerton, Assistant Solicitor,* for appellee.