These consolidated appeals concern two actions filed in the Fayette Circuit Court and the Tuscaloosa Circuit Court, respectively, in which both Pearson and Taylor Coal Company were parties. Both Courts dismissed the causes pending before them. Taylor Coal appeals the action taken by the Fayette Court upon Pearson's motion, and Pearson appeals the order of the Tuscaloosa Court granting Taylor Coal Company's motion to dismiss.
In November, 1976, Willis A. Crocker (not involved in these appeals) filed suit in the Circuit Court of Fayette County to quiet title to mineral rights in certain land in Fayette County, naming Pearson as one of the Defendants. In December, Brilliant Coal Company (also not involved in these appeals) was allowed to intervene by order of the Court; and in January, 1977, Taylor Coal Company was also given permission to intervene as a Plaintiff in the action.
After Taylor Coal Company's intervention, the Fayette Court, by oral instruction given in the presence of all the parties at a hearing on January 17, 1977, determined that the action could not be maintained without the presence of certain necessary *Page 781 
parties and ordered that these parties be added by amendment to the complaint. After several extensions of time, neither Plaintiff nor the Plaintiff Intervenors had complied with the Court's order; and, on July 22, 1977, the Fayette Court dismissed the cause for failure to prosecute.
More than a year later, on August 3, 1978, Pearson filed suit in Tuscaloosa County Circuit Court against Taylor Coal Company and others for intentional trespass and conversion of coal and mineral rights in land, most of which had also been involved in the Fayette quiet title action. Shortly thereafter, on August 15, Taylor sought to revive the Fayette action by filing an amendment joining the necessary parties whose absence had led to the Fayette Court's dismissal order of July 22, 1977. Taylor Coal Company then moved the Tuscaloosa Court to dismiss the action therein filed by Pearson on the grounds that the Fayette action was a prior pending suit. Pearson, in turn, moved the Fayette, Court to strike Taylor Coal Company's amendment on the ground that Taylor Coal had been dismissed with prejudice by that Court's order of July 22, 1976.
Some months later, on December 11, 1978, the Tuscaloosa Court granted Taylor Coal Company's motion to dismiss Pearson's action filed in that Court, and the following day, the Fayette Court granted Pearson's motion to strike the amendment filed therein by Taylor Coal. Citing the action of the Fayette Court, Pearson then moved the Tuscaloosa Court to vacate its order dismissing the trespass and conversion action. Taylor Coal, similarly, moved the Fayette Court to set aside and vacate its order striking the attempted amendment to the quiet title action. Both motions were denied and the parties appeal.
The single dispositive issue on this appeal is whether the Fayette Circuit Court's order of dismissal of July 22, 1977, applied to Intervenor Taylor Coal as well as to the original Plaintiff Crocker. It bears emphasizing at this point that we do not here address the merits of the dismissal order inasmuch as it is not the July 22, 1977, order that is being appealed; rather, this appeal challenges the Fayette Court's order of December 12, 1978, which, strictly speaking, addresses only the efficacy of its previous order as it pertains to Taylor.[1] If the dismissal order of July 22, 1977, did not in fact pertain to Taylor Coal, it is irrelevant whether under the law and the existing facts, the Fayette Court might have dismissed the Intervenor in addition to the original Plaintiff. On the other hand, if the dismissal did apply to Taylor Coal, the merits thereof are similarly irrelevant.
We look now to the order itself to determine its scope of operation. The first three paragraphs of the dismissal order read:
"ORDER
 "The above styled cause was filed before this Court on the 12th day of November, *Page 782 
1976. A Motion to Dismiss was subsequently filed by the Defendant on January 17, 1977, and this Court ordered the Plaintiff to join other necessary parties to this action. The Plaintiff requested and received extensions of time on three separate occasions. On June 8, 1977, this Court extended the time to comply for another thirty (30) days and at that time informed the Plaintiff that if he failed to obey the Court's order that this cause would be dismissed. It appearing to the Court that the thirty (30) day period has passed and it further appearing to this Court that the Plaintiff has failed to comply or make a good faith effort to comply with the Order of this Court, it is therefore,
 "ORDERED, ADJUDGED, AND DECREED by this Court that the Defendant's Motion to Dismiss be and the same is hereby granted. This cause is dismissed and the costs are taxed against the Plaintiff.
 "The dismissal of this cause will not work prejudice to the intervenor, Brilliant Coal Company."
Though referring to the original Plaintiff and to Intervenor Brilliant Coal Company, the Court's order of July 22, 1977, does not refer specifically to Intervenor Taylor Coal. Nevertheless, if it can be determined that the Court in fact intended to include Taylor Coal, and that such intent was adequately conveyed so that Taylor Coal either understood the Court's intent in fact, or should have been aware of such intent, the omission by the Court to specifically address Taylor becomes immaterial. An order issued by a court does not, like the giving of notice under certain statutes, stand or fall depending upon whether the right words have been used in strict compliance with statutes. It is sufficient that a court has expressed itself in such a way that its intent is conveyed to the parties so that they either fully understand such intent or are put on notice to seek further clarification.[2]
Pearson contends the Fayette Circuit Court's intent, and the context in which it was given, is explained by the Court's subsequent order of December 12, 1978, which, in relevant part, is set forth below:
 "1. On July 22, 1977, for the reasons stated therein, this Court dismissed this cause which was pending at that time as Civil Action No. 8434. . . . Prior to such dismissal the Court had determined that certain non-joined parties were necessary to the proper determination of the issues before the Court and had directed that such parties be joined. Such parties were as necessary to the determination of the claims made by Taylor and Brilliant upon intervention as they were to the determination of the claim made by Crocker as the original plaintiff . . .
 "2. On July 22, 1977, the Court dismissed the entire cause and the attorneys representing Taylor and Brilliant were present in the Court at the time of such dismissal and voiced no objection to the dismissal; Brilliant requested the Court to provide that the dismissal as to it be without prejudice and this right was granted by the Court, again indicating an understanding by such intervenor that the dismissal included its claims upon intervention. The order of July 22, 1977, was subsequently amended to strike the words `with prejudice' as contained in the order to the Judge of Probate to make an appropriate entry upon the Lis Pendens Record. The direction to make the entry upon the Lis Pendens Record was consistent with the Court's stated intent that the entire cause be dismissed. Taylor made no request to amend or modify the order of July 22, 1977. Following the dismissal of the cause the matter was placed upon the retired docket where it has remained until the filing of the attempted amendment by Taylor."
Pearson asserts that the Court leaves little doubt here as to its intention *Page 783 
when it issued its July 22, 1977, order, to dismiss both the original Plaintiff and Plaintiff Intervenor Taylor Coal for failure to diligently prosecute the case. If the Fayette Court's dismissal order had ended with the third paragraph quoted above, unquestionably, Pearson's argument, coupled with the December 12, 1978, order, would be highly persuasive if not conclusive. But the dismissal order contains two additional paragraphs:
 "It is the further ORDER, JUDGMENT and DECREE of the Court that the Judge of Probate of Fayette County, Alabama, be and he is hereby directed and empowered to make the following entry in the Lis Pendens Record maintained in his office in Volume 2 at page 31, viz: `This complaint was on the 22nd day of July, 1977, dismissed with prejudice against the Plaintiff by the Circuit Court of Fayette County, Alabama, being Civil Action No. 8434'.
 "Pursuant to Rule 54 (b), the Alabama Rules of Civil Procedure, the Court directs the Clerk to enter final judgment in this cause, there being no just reason for a delay in the entry of said judgment."
The last quoted paragraph specifically invokes Rule 54 (b), ARCP, whose office affords the trial Judge the means of rendering final an otherwise interlocutory order due to multiple parties or multiple claims. We have searched in vain for an explanation of Rule 54 (b)'s field of operation in the context of the instant case apart from permitting the original Plaintiff to challenge on appeal the dismissal order notwithstanding the pendency of the cause as to Intervenor Taylor Coal.[3] If all parties plaintiff had been dismissed, as were the original Plaintiff and Brilliant Coal, the order of dismissal was a final judgment and Rule 54 (b) was without operative effect.
We appreciate the trial Judge's subsequent review of the rationale of his earlier dismissal order; but we are constrained to hold that this explanation cannot override and eviscerate the clear and unequivocal invocation of Rule 54 (b) contained in its July 22, 1977, order. We conclude, therefore, by its plain language the dismissal order did not include Intervenor Taylor Coal, and that the Fayette Court erred in granting Pearson's motion to strike Taylor Coal's amendment of August 15, 1978. Accordingly, the judgment of the Fayette Court is due to be, and hereby is, reversed and the cause remanded.
This determination, however, does not compel our affirmance of the judgment of dismissal of the Tuscaloosa Court. While the litigation of title in the Fayette Court may invoke the doctrine of estoppel by judgment, the identity of parties and issues in the two suits are sufficiently different to justify, in the interest of justice, a stay of proceedings in the Tuscaloosa Court as opposed to a dismissal. Therefore, the judgment of the Tuscaloosa Court is likewise reversed and the cause is remanded for the entry of an order of stay of the proceedings to await the final outcome of the Fayette County action.
REVERSED AND REMANDED AS TO TAYLOR COAL COMPANY, INC. V. PEARSON (FAYETTE COUNTY CIRCUIT COURT); AND REVERSED AND REMANDED AS TO PEARSON V. TAYLOR COAL COMPANY, INC. (TUSCALOOSA COUNTY CIRCUIT COURT).
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
BEATTY, J., concurs in the result.
[1] Appellant Taylor Coal cites a number of cases which Pearson claims are irrelevant because they either pertain to the merits of the intervenor's dismissal, e.g., Societe Internationale v.McGranery (D.D.C. 1953) 111 F. Supp. 435 (an order of dismissal against the original plaintiff for its refusal to obey a discovery order, cannot apply to an intervening plaintiff who has no control over the discoverable documents) or concern the issue whether dismissal of the main action automatically requires dismissal of the complaints upon intervention; e.g.,Wheeler v. American Home Products Corp., 563 F.2d 1233 (5th Cir. 1977); Seil v. Board of Supervisors, 93 Ill. App.2d 1,234 N.E.2d 826 (1968); Farmer v. Union Oil Company, 75 Cal.App.3d 42,141 Cal.Rptr. 848 (1977); Mayor of City of Carrollton v.Chambers, 215 Ga. 193, 109 S.E.2d 755 (1959); Magdoff v. SaphinTelevision and Appliance, 228 F.2d 214 (5th Cir. 1955); HuntTool Company v. Moore, Inc., 212 F.2d 685 (5th Cir. 1954). It is well established that under Rule 24, ARCP, the complaint upon intervention is no longer subordinate to the main proceedings, and that dismissal of the original plaintiff does not necessarily and automatically compel dismissal of the intervenor. See 3B Moore's Federal Practice, ¶ 24.16 (6). The issue here is not whether the Fayette Court dismissed Intervenor as incidental to its dismissal of the original Plaintiff, but whether the Court intended to, and in fact did, dismiss Intervenor Taylor Coal apart from its disposition of the main proceeding. As stated in McLaughlin v. Beyer, 181 Ala. 427,61 So. 62 (1913), "The question . . . is not, what judgment ought to have, or could have been entered, but what judgment was in law entered."
[2] For a further statement of the rule of construction of judgments, see 49 C.J.S. Judgments § 436. See, also, Reeder v.Reeder, 356 So.2d 202 (Ala.Civ.App. 1978); and Wise v. Watson,286 Ala. 22, 336 So.2d 681 (1970).
[3] In point of fact, the original Plaintiff did appeal on September 2, 1977; and the appeal was dismissed by this Court on April 5, 1978, for failure of the Appellant to file briefs. *Page 784