Dalleen RUCKER, Plaintiff,

Rosa Ortega and Kathy Warner, Intervenors,

v.

The SECRETARY OF the TREASURY OF the UNITED STATES of America, and The United States of America, Defendants.

Civ. A. No. 82–K–1450.

United States District Court, D. Colorado.

Feb. 10, 1983.

Glenn Meyers and Israel Galindo, Colo. Rural Legal Services, Denver, Colo., Jacquie Higinbotham, Colo. Rural Legal Services, Fort Morgan, Colo., for plaintiff.

Susan Souder, Tax Div., Dept. of Justice, Washington, D.C., Robert Miller, U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This motion to dismiss alleges that subject matter jurisdiction over the pertinent issues is lacking, that express statutory procedural limitations prohibit the exercise of this court's jurisdiction, and that declaratory and injunctive relief are proscribed in federal tax actions.

Two other parties petitioned to intervene in this action pursuant to F.R.Civ.P. 24, and those motions were granted. It is proper to decide an intervenor's claim after dismissal of the original action when the intervenor's claim possesses independent grounds for jurisdiction. *Goto v. District of Columbia Bd. of Zoning Adjustment,* 423 A.2d 917, 922 (D.C.App.1980); *Magdoff v. Saphin Television & Appliance, Inc.,* 228 F.2d 214 (5th Cir.1955); *Kruse v. Zenith Radio Corp.,* 82 F.R.D. 66, 69 (D.Pa.1979). *See also,* Wright & Miller, Federal Practice and Procedure: Civil § 1920. However, in the instant case, the intervenors have adopted by reference Dalleen Rucker's claims as their own. Therefore, the intervenors' grounds for jurisdiction are likewise insufficient. Because I hold that the court lacks jurisdiction to decide plaintiff Rucker's case, I do not now reach the additional issues raised in defendant's motion.

Plaintiff is a married woman who is a resident of Fort Morgan, Colorado. Her husband is indebted to the State of Colorado due to his delinquency in making required child support payments to his children of a previous marriage. In April, 1982, plaintiff and her husband filed a joint federal income tax return for 1981 in which plaintiff's wages represented a portion of the reported income. It was anticipated that approximately $1124 would be returned to plaintiff and her husband due to an expected earned income credit and a refund which partially resulted from money withheld from plaintiff's wages. However, plaintiff did not receive her expected return. The Internal Revenue Service (IRS) notified the plaintiff and her husband that pursuant to 42 U.S.C. § 664, the entire amount of their refund and earned income credit had been retained in order to fully or partially offset the amount which her husband owed the State of Colorado for nonpayment of child support. Plaintiff first contacted the Department of Social Services and then the IRS to request the return of her allocable portion. She was instructed to complete and file a special IRS form in order to obtain her refund and earned income credit, and was informed that a three to six month delay would occur before any refund would be forthcoming. Acting upon information and belief that the refund and credit had already been paid to the Colorado Department of Social Services by the IRS, plaintiff instituted the present action on August 31, 1982.

Shortly after plaintiff's amended tax return was received by the IRS, her proportionate share of the refund and earned income credit was returned to her. She received a total of $126; $31 in withholdings and $95 of earned income credit. For the most part, plaintiff does not dispute the amount of money returned, but argues that the government is not authorized to retain funds owed to an individual without a child support obligation to the state, and that the taking of property without notice violates the Due Process Clause of the Fifth Amendment to the Constitution of the United States. However plaintiff also asserts that 42 U.S.C. § 664 does not apply to the transfer of earned income credits in whole or in part. Therefore, to cover fully the issue of mootness, I must further consider whether the Secretary of the Treasury has the statutory authority to withhold any earned income credit under the transfer and intercept statute, and whether a proportion-

ate share of an earned income credit may be withheld.[1]

■ Each plaintiff must establish a continuing substantial controversy between the parties in order to meet the constitutional requirement of Article III. The absence of a "case or controversy" renders this court without jurisdiction. *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Should a claim be rendered moot, there is no situation in which judicial intervention is warranted. *Warth v. Seldin,* 422 U.S. 490, 499 n. 10, 95 S.Ct. 2197, 2205 n. 10, 45 L.Ed.2d 343 (1975). A party seeking a determination on the merits must establish that the case has not been rendered moot where unlawful conduct has terminated; therefore plaintiff must prove that a continuing substantial controversy exists. *Halvolnik v. Reagan,* 457 F.2d 311, 313 (9th Cir.1972).

The pleadings and briefs indicate that plaintiff Dalleen Rucker filed an amended return on August 27, 1982 for her share of the refund and earned income credit, pursuant to the instructions of the IRS. Plaintiff's return was received by the IRS on September 1, 1982, and at some time before November 5, 1982 an overpayment of $126 was returned to plaintiff. This amount represents the plaintiff's withholdings of $31 and her proportionate share of the earned income credit, $95. Where a claimant challenges the withholding of funds from her earnings for the child support obligations of her spouse, and where the claimant's proportionate share of refunds are returned after the filing of an amended return, there is no continuing injury or substantial controversy.

Further, recently another court has held that earned income credits constitute over-

payments; and as such, are within the meaning of 42 U.S.C. § 664 and 26 U.S.C. § 6402, and are subject to retention and transfer. *Sorenson v. Secretary of the Treasury of the United States of America and The United States of America,* 557 F.Supp. 729, at 733 (W.D.Wash.1982). That court also held "it is perfectly consistent that Congress would consider the payment of past-due child support more important than the protection of an earned income credit." *Id.* I agree. It is consistent with public policy that past-due child support payments take priority before earned income credits, and that they are intercepted fairly, on a proportionate basis, in order to achieve that goal. In this case, plaintiff did not suffer an unjust taking of her property where her allocable share of the earned income credit was returned.

I conclude that the alleged unlawful conduct has terminated, and the claims are rendered moot. Plaintiff has not established standing before this court.

IT IS ORDERED that defendants' motion to dismiss is granted. The claims of the intervenors are dismissed without prejudice. Each party to bear his, her or its own costs.

---

1. An earned income credit is generally available to a taxpayer who has a dependent child whom the taxpayer in fact claims as a dependent on his income tax return for the taxable year. Where the parents are divorced, the general rule is that the parent who has custody for the longer period of time during the taxable year is entitled to the earned income credit, regardless of whether such child qualifies as a dependent on the custodial parent's tax return. The taxpayer is entitled to a maximum credit of $500, and he or she must have an adjusted gross income or earned income below $10,000 in order to qualify. 26 I.R.C. § 43. The credit, then, can be claimed either by filing a joint return or by filing an independent return as long as all of the conditions are satisfied.