### 16261. THOMAS *v.* THE STATE.

There was no abuse of discretion in overruling the ground of the motion for a new trial based on alleged newly discovered evidence.

In the charge of the court on conspiracy there was no error that required a new trial.

It was not error to give in charge to the jury section 1013 of the Penal Code.

The charge of the court as to recent possession of stolen property was authorized by evidence showing such possession by one of the alleged conspirators.

DECIDED APRIL 14, 1925.

Indictment for burglary; from Fulton superior court—Judge Humphries. December 24, 1924.

*Branch & Howard, J. Waller LeCraw,* for plaintiff in error.

*John A. Boykin, solicitor-general, Ralph H. Pharr,* contra.

BLOODWORTH, J. 1. "The discretion of the trial judge in overruling a motion for a new trial based on alleged newly discovered evidence of an impeaching character contradicted by counter-affidavits will not be controlled by this court." *Reese v. State,* 30 *Ga. App.* 19 (116 S. E. 663). This ruling disposes of the ground of the motion based on alleged newly discovered evidence.

2. The evidence authorized a charge on conspiracy. *Bolton v. State,* 21 *Ga. App.* 184, 187, 188 (94 S. E. 95); *Davis v. State,* 114 *Ga.* 107 (3) (39 S. E. 906). When read in connection with the remainder of the charge of the court and in the light of all

the evidence in the case, the instructions complained of in the 5th and 6th grounds of the motion for a new trial contain no error requiring a new trial.

3.   Where the court properly instructs the jury on circumstantial evidence, and that "moral and reasonable certainty is all that can be expected in legal investigation," it is not error immediately thereafter to instruct them, in the language of section 1013 of the Penal Code, that whether dependent upon positive or circumstantial evidence, the true question in criminal cases is not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt.

4.   As stated above, the evidence authorized a charge on conspiracy.   Whether the conspiracy was in fact established was a question for the jury.   The evidence shows that the three alleged conspirators left Atlanta on the same morning, each driving a Ford automobile, and that they carried these cars to Jacksonville, where they were arrested.   There was enough evidence tending prima facie to establish a conspiracy to allow in evidence the acts of the alleged conspirators, the jury to give this evidence such weight as they saw fit in the event the conspiracy was established. The evidence showing that one of the three alleged conspirators drove the stolen car from Atlanta to Jacksonville, and was in possession of it at that place two days after leaving Atlanta, the evidence authorized a charge on the right of the jury to convict on the recent possession of stolen property "unless the defendant makes explanation of his possession of such stolen property consistent with his innocence."   It is admitted in the brief of counsel for plaintiff in error that "the court's charge on this subject was a correct statement of abstract law, and that it would have been an appropriate charge in this case if there had been any specific evidence before the jury that the defendant had been found to be in possession of the stolen property."

5.   There was some evidence to support the verdict.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*