29353. IVESTER *v.* THE STATE.

DECIDED JANUARY 22, 1942.

*Ed Quillian, W. P. Martin,* for plaintiff in error.

*G. Fred Kelley, solicitor-general,* contra.

MACINTYRE, J. 1. The defendant was convicted of larceny of an automobile under an indictment charging him, Thomas Dixon, and Earl Beck with the offense. The evidence disclosed that the State troopers stopped a car in Gainesville, Georgia, because they noticed that it bore a different tag on the front from the one on the rear, and the tag on the rear was for a different weight car than the car in question. Dixon was driving and the defendant was riding on the back seat. The troopers did not know that the car had been stolen when they stopped it, and did so merely because of the discrepancy in the tags. The trooper testified that on questioning the three men "They [all three, including the defendant] claimed that they had no knowledge of the difference in the tags on the car and said that they had borrowed the car from a friend of theirs in Atlanta. I asked Dixon for his driver's license and he said he left it at home, and I asked them to go back to the jail and check and find out about the driver's license and why they had two different tags, and Mr. Dixon asked where the jail was and I asked him to follow us back down there." They followed the troopers for a short distance then turned in another direction and attempted to escape, driving in excess of fifty-five miles per hour around curves, across intersections, and finally wrecked the car. The car had been recently stolen from the owner in Atlanta. The defendant, in his statement to the jury, stated that Dixon and Beck had come by his home and asked him to go to the country, and when the trooper stopped them Dixon said he was scared and decided to run and they had a wreck.

Taking all the facts and circumstances, the recent possession of the stolen automobile, the discrepancy between the tags, the statement that *they* had borrowed the car from a friend in Atlanta, and the flight when they were following the troopers to jail, the evidence authorized the verdict of guilty. *Cheatham* v. *State, 57 Ga. App.* 858 (197 S. E. 70) ; *Weeks* v. *State, 66 Ga. App.* 553.

2. Under the evidence it was not error to charge the law of conspiracy. "Conspiracy may be shown by acts and conduct as well as by direct proof or express agreement. It may be shown by circumstantial evidence. It may be established by inference, as a deduction from conduct which discloses a common design." *Harris* v. *State,* 184 *Ga.* 382, 392 (191 S. E. 439), and cit.

3. Grounds 1 and 2 are but elaborations of the general grounds, and have been considered.

*Judgment affirmed. Broyles, C. J., and Gardner J., concur.*