33446. JOHNSON *v.* THE STATE.

MacIntyre, P. J. 1. Where there is some direct evidence on all the essential elements of the offense for which the defendant is tried, including corroboration of an accomplice, the court's failure, in the absence of a timely, written request, to instruct the jury on the law of circumstantial evidence is not cause for a new trial. *Williams* v. *State,* 83 *Ga. App.* 252 (63 S. E. 2d, 442); *Wright* v. *State,* 184 *Ga.* 62, 65 (190 S. E. 663); *McElroy* v. *State,* 125 *Ga.* 37 (53 S. E. 759); *Wilson* v. *State,* 152 *Ga.* 337 (110 S. E. 8); *Haden* v. *State,* 176 *Ga.* 304 (17) (168 S. E. 272); *Harris* v. *State,* 178 *Ga.* 746 (2) (174 S. E. 240); *Starnes* v. *State,* 45 *Ga. App.* 238 (1) (164 S. E. 89). This single special ground of the motion for a new trial is not meritorious.

2. (*a*) "Where individuals enter into a conspiracy to commit a crime, its actual perpetration by one or more of them in pursuance of such conspiracy is in contemplation of law the act of all, and therefore is imputable to all, regardless of their presence or absence at the time it is committed. *Nelson* v. *State*, 187 *Ga.* 576(2), 580 (1 S. E. 2d, 641); *Johnson* v. *State*, 151 *Ga.* 21 (2) (105 S. E. 603); *Hill* v. *State*, 28 *Ga.* 604, 606; *Horton* v. *State*, 66 *Ga.* 690; *Handley* v. *State*, 115 *Ga.* 584 (41 S. E. 992)." *Chambers* v. *State*, 194 *Ga.* 773, 781 (22 S. E. 2d, 487).

(*b*) A conspiracy may be shown by circumstantial as well as direct evidence. *Weaver* v. *State*, 135 *Ga.* 317 (1) (69 S. E. 488); *McLeroy* v. *State*, 125 *Ga.* 240 (54 S. E. 125); *Owens* v. *State*, 120 *Ga.* 296 (48 S. E. 21); *Dixon* v. *State*, 116 *Ga.* 186 (42 S. E. 357); *Randall* v. *State*, 73 *Ga. App.* 354, 371 (36 S. E. 2d, 450); *Swain* v. *State*, 74 *Ga. App.* 391, 392 (39 S. E. 2d, 727); *Davidson* v. *State*, 78 *Ga. App.* 619 (51 S. E. 2d, 867); *Weeks* v. *State*, 66 *Ga. App.* 553 (18 S. E. 2d, 503); *Thomas* v. *State*, 56 *Ga. App.* 381 (192 S. E. 659).

(*c*) Whether or not a conspiracy has been established is solely for the jury to determine. *Weeks* v. *State,* supra; *Harris* v. *State*, 184 *Ga.* 382, 392 (191 S. E. 439).

(*d*) Applying the foregoing rules of law to the facts of this case the jury was authorized to find that the defendant entered into a conspiracy to steal the cow in question and that in pursuance of such conspiracy the defendant's co-conspirator committed the offense of cow stealing thereby making the defendant also guilty of that offense. The evidence authorized the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED APRIL 11, 1951.

*H. Alonzo Woods,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.