### 33679. BLACK *v.* THE STATE.

TOWNSEND, J. Where the guilt of the accused is clearly established aliunde the error complained of, an error in the admission of evidence relating to other transactions and tending to show the guilt of the accused of other crimes than that for which he is on trial will not require a reversal. *Miller* v. *State,* 69 *Ga. App.* 847 (26 S. E. 2d, 851). See also *Hagar* v. *State,* 71 *Ga.* 164; *Luby* v. *State,* 102 *Ga.* 633, 648 (29 S. E. 494); *Pascal* v. *State,* 77 *Ga.* 596 (3 S. E. 2); *Perry* v. *State,* 102 *Ga.* 365 (30 S. E. 903); *Lanier* v. *State,* 106 *Ga.* 368 (32 S. E. 335). In this case, the evidence as a whole, together with the defendant's statement, demanded a verdict of guilty. However, as to the writer's opinion of the admission of evidence regarding other criminal transactions generally, see dissenting opinion in *Hodges* v. *State,* ante (70 S. E. 2d, 48).

*Judgment affirmed. Gardner, J., concurs. MacIntyre, P.J., concurs in the judgment.*

DECIDED FEBRUARY 27, 1952.

*Harry P. Anestos,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Kirk McAlpin,* contra.

Melvina Black was tried in the Superior Court of Chatham County for larceny from the house, on an indictment in six counts, and was convicted and sentenced on the first count for the larceny of certain merchandise from a Sears, Roebuck & Company store. As to this count of the indictment, witnesses for the State testified: that they had watched the defendant in the store in question and had seen her leave with a large bag, in the company of another woman suspected of being a shoplifter; that they called to her and she immediately fled down the street; that she was chased several blocks, dodging between houses and into a lane, that one of the witnesses called, "Wait a minute there," to which she replied, "No, hell, you ain't going to get me"; that she carried a package in her arms until just before she was apprehended, when she threw it under a house; and that it was retrieved, and found to contain merchandise of the value of approximately $98 taken from the store in question. Immediately following the defendant's arrest, officers searched her home and found a quantity of unused merchandise therein, some of which was identified by employees of other stores as being their merchandise. The defendant made a statement in which she said merely that the things which were found in her room had been purchased by her, but she did not explain or deny her possession of the merchandise taken from Sears, Roebuck & Company and her flight therewith.

Evidence was introduced over objection as to three prior convictions of the defendant for larceny from department stores, and two witnesses testified to having apprehended the defendant on an occasion subsequent to the indictment in this case and before the trial thereof while she was fleeing from another department store and in possession of certain merchandise taken therefrom, for which offense she had not yet been tried. This evidence is made the ground of the amended motion for a new trial.