35338. DIGGS *v.* THE STATE.

Decided October 19, 1954.

857

*Herbert W. Wilson, Leon A. Wilson, II,* for plaintiff in error.
*J. R. Walker, Solicitor-General, Kopp & Peavy,* contra.

GARDNER, P. J. █ Counsel for the defendant argues that in every criminal case the burden rests upon the State to prove the defendant's guilt beyond a reasonable doubt. Code § 38-110. In carrying this burden, circumstantial evidence should be consistent with the hypothesis of guilt, and should exclude every other reasonable hypothesis save that of the guilt of the defendant. Code § 38-109. A bare suspicion of the defendant's guilt is not sufficient. *Carter* v. *State,* 57 *Ga. App.* 180 (194 S. E. 842), which was a hog-stealing case. There the circumstantial evidence was too remote to consider as excluding every other reasonable hypothesis save that of the guilt of the defendant. The facts in that case in no way resemble those in the instant one. There is sufficient evidence, not entirely circumstantial, in the instant case, to show that the defendant (and/or her coconspirators) was in possession of stolen goods immediately before

the arrest. There is sufficient evidence to show that she and others were operating together to commit larceny from the house. The defendant fled when the officers attempted to arrest her. It has been held on many occasions that flight or concealment, together with other circumstances, is sufficient to convict. See *Sheffield* v. *State*, 1 *Ga. App.* 135 (2) (57 S. E. 969). There are many other decisions to the same effect. The evidence as a whole amply supported the jury's verdict of guilty. There is no merit in the general grounds.

■ · In special ground 1, the defendant complains that evidence regarding merchandise allegedly stolen from another store other than the Fashion Shoppe, was illegally admitted. As shown by the evidence, this merchandise was removed from Robinson's store, in the same town, on the same day, by the same person, in the same manner, as was the merchandise taken from the Fashion Shoppe. In support of the contention that this evidence was illegally admitted, counsel for the defendant cite *Wiggins* v. *State*, 80 *Ga. App.* 258, 259 (55 S. E. 2d 842). A reading of that case will show that three judges ruled that the introduction of evidence of independent crimes was reversible error. The facts in that case as to the point in issue are not similar to the facts in the instant case. In that case evidence of other and distinct crimes was introduced. Not so in the instant case. See Code (Ann.). § 38-202, catchwords "Independent crimes," and *Goodman* v. *State*, 184 *Ga.* 315 (191 S. E. 117); *Hall* v. *State*, 7 *Ga. App.* 115 (6) (66 S. E. 390); *Goldberg* v. *State*, 20 *Ga. App.* 162 (92 S. E. 957); *McDuffie* v. *State*, 17 *Ga. App.* 342 (5) (86 S. E. 821). See also *Black* v. *State*, 85 *Ga. App.* 628 (69 S. E. 2d 839). This ground is without merit.

Special ground 2 complains because the court erred in charging on conspiracy when no conspiracy was shown. In support of this contention, counsel cite *Annis* v. *State*, 85 *Ga. App.* 188, 191 (68 S. E. 2d 473). In that case the court said, in affirming the conviction: "In order to authorize the court to charge on conspiracy, it is enough if there be evidence from which a legitimate inference can be drawn that there was a combination between two or more parties to do an unlawful act (this is the conspiracy) and that the combination was the means by which the criminal act was accomplished, and this inference may be

drawn from proof of acts and conduct as well as by direct proof or express agreement." *Goolsby* v. *State,* 147 *Ga.* 169 (93 S. E. 88) is not applicable here. The evidence, as set out hereinabove, is sufficient to show conspiracy, and therefore it follows that the court did not err in charging on conspiracy. See *Ivester* v. *State,* 66 *Ga. App.* 563, 564 (18 S. E. 2d 508) and *Johnson* v. *State,* 83 *Ga. App.* 710 (2) (64 S. E. 2d 634).

Special ground 3 complains because the court erred in charging the jury regarding recent possession of stolen property. Counsel for the defendant in his brief says: "It is admitted that the charge is a correct statement of abstract law, but it is contended that it is inapplicable to the case at bar, since the defendant was not found in possession of the stolen goods at the time." In *Thomas* v. *State,* 33 *Ga. App.* 680 (127 S. E. 891), where counsel made practically the same statement, it was held that "The charge of the court as to recent possession of stolen property was authorized by evidence showing such possession by one of the alleged conspirators." It follows that in the instant case the court did not err in charging on recent possession of stolen goods. There is no merit in this contention.

The court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*