### 41614. BIRDWELL v. THE STATE.

PANNELL, Judge. The defendant was convicted, by a general verdict of guilty, upon an indictment containing two counts, one charging her with the offense of operating and maintaining a lewd house under *Code* § 26-6102, and the other for keeping and maintaining a disorderly and ill-governed house under *Code* § 26-6103. She brings the case to this court on appeal and enumerates three grounds of error: (1) that as to count 1, the State failed to prove the reputation of the house or its inmates, contending that the reputation of the house or its inmates must be proven in addition to acts of adultery or fornication; (2) that the general verdict of guilty upon the two counts was invalid because there was no evidence to support the second count; the third enumeration of error raises substantially the same question as was raised by the first enumeration of error. *Held:*

1. Evidence of reputation alone, wholly uncorroborated, is not sufficient to establish the offense of keeping and maintaining a lewd house. *Jones v. State,* 2 Ga. App. 433 (7) (58 SE 559). "To authorize conviction in a prosecution for the offense of keeping a lewd house, it is not enough to prove the general reputation of the house, or of its inmates, or both; for the gist of the offense is that the house was kept 'for the practice of fornication or adultery'; and the jury must be satisfied that acts of lewdness were practiced in the house, and that it was maintained for the purpose of prostitution. Reputation for lewdness, however, may be a circumstance tending to show the character of the house, and may be considered by the jury in corroboration of such facts and circumstances as may reasonably satisfy them of the essen-

tial fact that fornication or adultery was actually committed therein." *Smith v. State*, 13 Ga. App. 241, 242 (2) (79 SE 51); *Ward v. State*, 14 Ga. App. 110 (1) (80 SE 295); *Wilkes v. State*, 23 Ga. App. 727 (99 SE 390); *Pirkle v. State*, 68 Ga. App. 52 (1) (22 SE2d 104). It is apparent from these cases and the Code section defining the offense that reputation of the house or the inmates is merely a circumstance tending to show the character of the house and corroboration of any facts and circumstances relating to the *essential fact* that fornication or adultery was actually committed therein. The statement in *Linebarker v. State*, 74 Ga. App. 262 (39 SE2d 730) in the headnote that, "A person cannot legally be convicted of maintaining a lewd house unless the proof shows that the general reputation of the house or its inmates, or both, was that it was a lewd house, and also that fornication or adultery was *actually* committed in the house," and, in the opinion that, "The burden was upon the State to prove two things: 1. The general reputation of the house or its inmates, or both, for lewdness; and, 2. 'The essential fact that fornication or adultery was actually committed at the house.' *Ward v. State*, 14 Ga. App. 110 (80 SE 295); *Wilkes v. State*, 23 Ga. App. 727 (99 SE 390); *Pirkle v. State*, 68 Ga. App. 52, 54 (22 SE2d 104)," is not supported by the authorities cited. That case is authority only for the proposition that proof of reputation alone is not sufficient to convict. That the house is *maintained* as a lewd house may be proven by proof of actual acts of fornication and adultery committed over a period of time with the knowledge of the defendant, as was shown in the present case. The evidence was sufficient, therefore, to authorize the conviction under count 1.

2. A charge of keeping and maintaining a common, ill-governed and disorderly house to encourage idleness, gaming, drinking, "or other misbehavior," may be shown by proof of repeated immoral acts of fornication and adultery committed therein with the knowledge and approval of defendant. *Martin v. State*, 62 Ga. App. 902, 904 (10 SE2d 254). It follows, therefore, that the general verdict of guilty is not invalid for the sole reason alleged, that is, that there was no evidence to support it.

3. The offense of maintaining a lewd house and the offense of maintaining a disorderly house may be joined in the same indictment in different counts. *Jones v. State*, 2 Ga. App. 433

(2), supra. Whether a verdict of guilty on the second count covered by the general verdict of guilty should be set aside because the required element in this count, the acts of fornication and adultery, was also charged and proved as a required element in the first count is neither presented to this court for decision nor decided. See, in this connection, *Smith v. State*, 88 Ga. App. 465 (2) (76 SE2d 735).

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 2, 1965—DECIDED NOVEMBER 24, 1965—
REHEARING DENIED DECEMBER 6, 1965.

*Sullivan, Herndon & Smith, John J. Sullivan,* for appellant.
*Andrew J. Ryan, Jr., Solicitor, Tom A. Edenfield,* for appellee.