### 47143.   SNEAD v. THE STATE.

PANNELL, Judge. Peggy Snead, also known as Alvis Stone, was charged in a four-count indictment with (1) the offense of prostitution (see Ga. Criminal Code § 26-2012) and (2, 3) two offenses of pimping, one under Ga. Criminal Code § 26-2013 (a) and one under paragraph (c) of said section, and (4) the offense of keeping a place of prostitution, under Ga. Criminal Code § 26-2014. Upon the trial, the defendant was convicted on all four counts and was sentenced to 12 months on each count to be served consecutively with the privilege of serving the sentences on probation upon payment of designated fines on each count. The defendant appealed to this court. *Held:*

1. The evidence was sufficient to support the conviction of the offense of keeping a house of prostitution. The evidence showed that the defendant was a person who had lived in a house for a number of years, which house had the reputation of being a house of prostitution during this time and at the time of the alleged offense; and that an identified female who was a reputed prostitute and who had lived in this house for a period of several years, did, while living therein, make arrangements with a police officer (not in uniform) for sexual relations for a

price of $20, which was paid, and she led the officer to a bedroom. She left the bedroom with the money and then returned, and while in the act of undressing was arrested by the officer. This evidence was admissible and was sufficient to authorize a conviction on Count 4. *Birdwell v. Birdwell,* 112 Ga. App. 836 (146 SE2d 374).

2. There was no evidence that the defendant committed the other offenses charged, unless the proof authorized the finding that the defendant conspired with the prostitute who did commit these offenses, to commit them. Under these circumstances the conspiracy to do so is a necessary ingredient of the charge of keeping a house of prostitution and included in such charge. See in this connection *Smith v. State,* 88 Ga. App. 465 (76 SE2d 735). Therefore, to affirm the convictions on Counts 1, 2 and 3 would be to convict on a required element of keeping a house of prostitution when a conviction was also had on that charge. These convictions were unauthorized in view of the conviction on Count 4 of the accusation.

3. The admission in evidence of a purported business record showing that the defendant was the lessee of the premises in question and in control thereof (admitted by the appellant in her brief filed in this court) which record also contained matter relating to the defendant's income and ownership of real estate, is not cause for reversal, it not appearing how and in what manner the admission of the portions relating to the defendant's income and ownership of realty was harmful to the defendant, even if error.

4. There was no error harmful to the defendant in charging on conspiracy, as the court did, or in failing without request to give a definition of the term conspiracy; nor was there error in charging on proof by circumstantial evidence.

5. The case is reversed as to convictions on Counts 1, 2 and 3 and affirmed as to conviction on Count 4.

*Judgment reversed in part; affirmed in part. Hall, P. J., and Quillian, J., concur.*

14

SUBMITTED MAY 3, 1972—DECIDED SEPTEMBER 5, 1972.

*Clary & Kent, Horace T. Clary,* for appellant.
*F. Larry Salmon, Solicitor,* for appellee.