## 52475. EVANS v. THE STATE.

DEEN, Presiding Judge.

The burden on appeal is always on the appellant to show both error and injury. *Quackenbush v. Quackenbush,* 230 Ga. 649 (1-a) (198 SE2d 851). While it is error to fail to rule on a timely written motion to suppress evidence (*Amiss v. State,* 135 Ga. App. 784, 785 (219 SE2d 28)) an oral motion, not meeting statutory requirements, may be disregarded, and the motion should be presented prior to trial. In this record, after the jury was impaneled but before evidence was introduced, defendant's counsel urged the court to rule on the motion to suppress among others "discussed in your office" the previous day. There is a motion to suppress in the record, handwritten, and filed after the completion of the trial. There is no way of determining whether this *written* motion was presented prior to the commencement of proceedings or not; if not, the court was correct in considering it moot. Since we cannot presume error in the absence of a proper showing, this ground is without merit.

1. The appellant complains that on the marijuana charge the court referred to illegal possession, or sometimes possession, without using the words "knowingly control and possess" as stated in *Pritchett v. State,* 134 Ga. App. 254, 256 (214 SE2d 180). He did, however, define actual possession as "knowing and direct physical control" and constructive possession as knowingly having both the power and intention to exercise control. Under the charge as a whole we do not believe the jury could have been misled into finding guilt

without intent.

2. Where the undisputed evidence demands the conclusion that the venue of the crimes was Fulton County, any error in failing to give the law of venue in charge is harmless.

3. The defendant was manager of a group known as "Ice Cold Love, Inc." for which he arranged for the rental of the apartment named in the search warrant in the names of the co-defendants. A number of the group passed in and out, and the place was used as a business headquarters, defendant having rented another apartment for himself. In one bedroom, where mail addressed to the defendant was found, there were aluminum foils containing drugs on and in the dresser, along with a number of measuring spoons with residue in them. Scales and drugs were in another bedroom, and drugs in the living room. When apprehended Evans and others were in a borrowed car which Evans was driving, taking two of the group to the airport. The only drugs found in the car were in the suitcases of the two departing members. Therefore, the circumstantial evidence is insufficient to convict Evans of possession (see *Moreland v. State,* 133 Ga. App. 723 (1) (212 SE2d 866)) except on the theory of shared knowledge and possession. The members as a group of which Evans was manager used the premises, and drugs, scales, spoons and other paraphernalia were scattered throughout. One who intentionally aids or abets in the commission of a crime is a party thereto. Code § 26-801. The evidence here authorized an inference that the manager and other members of the group using the apartment over a period of time were aware of, and aided and abetted in, the illegal use of the drugs. The evidence was sufficient on this theory to support the charge defining conspiracy as a corrupt agreement to do an unlawful act, which may be inferred from conduct disclosing a common design, in which case the acts of each would be imputable to the others. *Robertson v. State,* 127 Ga. App. 6 (10) (192 SE2d 502). On this theory, also, the evidence was sufficient to sustain the verdict. The court clearly charged that, absent conspiracy, each defendant was responsible only for his own acts, and that any defendant or defendants as to

whom the jury reserved a reasonable doubt should be acquitted. The instruction was not subject to the objection that it constituted an "all or nothing" resolution of the case.

4. The sentence, being within the bounds set by statute, is not illegal.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED JULY 15, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARING DENIED SEPTEMBER 22, 1976 — 

*Guy J. Notte,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Russell J. Parker, Assistant District Attorneys,* for appellee.