## 52848. JOHNSON v. THE STATE.

WEBB, Judge.

1. The charges given by the trial judge in this trial of Benny Johnson on an indictment for aggravated assault, on which he was found guilty of simple battery, do not contain an expression of opinion of what has or has not been proved and as to the guilt of the accused. "A charge, torn to pieces and scattered in disjointed fragments, may

seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13) (1887); *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975). There is no feck in enumerations of error 1 and 2.

2. We do not construe the statement complained of in Enumeration 3 to be a comment on the failure of the accused to testify. Appellant would have the word "it," which referred to "discrepancy," changed to "he" so as to refer to "him." The record is as it is, and this court cannot change it. We find no improper remark.

3. Appellant's fourth complaint is that a ten-year-old witness was repeatedly led by both the court and the district attorney in their questions to her, and that he thus was denied a fair and impartial trial. "Whether counsel will be permitted to propound leading questions to a [child] 'of immature years,' while testifying, is a matter which addresses itself to the sound discretion of the court; and the allowance of such questions will not be held erroneous unless the discretion is abused." *McCrary v. State,* 137 Ga. 784 (1) (74 SE 536) (1912); *Tanner v. State,* 228 Ga. 829, 830 (2) (188 SE2d 512) (1972) (a nine-year-old witness). There was no abuse of discretion.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 4, 1976 — DECIDED OCTOBER 14, 1976 — REHEARING DENIED OCTOBER 28, 1976 —

*Guy B. Scott, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.