52914, 52915. THE STATE v. DAVIDSON; and vice versa.

SMITH, Judge.

The defendant was indicted for violating the Georgia Controlled Substances Act. He moved to suppress the evidence upon which the indictments were based. The state moved to dismiss because defendant's motion did not allege that he had standing to challenge the search of the premises from which the evidence was seized. The trial court overruled the state's motion to dismiss and granted the defendant's motion to suppress. The state appeals the denial of its motion to dismiss.

1. The state argues that the defendant's motion to suppress should have been dismissed because the defendant failed to show that he was aggrieved by the unlawful search and seizure. "Where possession is an essential element of the offense charged, a defendant can claim automatic standing to contest the validity of a search. Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697)." *Herndon v. State,* 138 Ga. App. 346 (226 SE2d 141). The trial court did not err in overruling the state's motion to dismiss.

2. The defendant's cross appeal is rendered moot by our decision on the main appeal.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 5, 1976 — DECIDED OCTOBER 20, 1976 — REHEARING DENIED NOVEMBER 4, 1976, IN CASE NO. 52914 —

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Michael D. Anderson, Assistant District Attorneys,* for appellant.

*Jim Jenkins,* for appellee.