## 53616. TOWNSEND v. THE STATE.

WEBB, Judge.

Larry Townsend was indicted for burglary along with Richard Dave Brown and appeals his conviction and sentence of 10 years in prison and probation.

1. Townsend contends that the trial court erred in failing to direct a verdict of acquittal because the state failed to prove his participation in the crime by corroboration of the accomplice Brown's testimony. We do not agree.

Brown testified that he and Townsend worked together and on the morning of the burglary while driving around in Brown's truck they discussed their lack of money for Christmas. Townsend stated he knew where they could get some guns, described how to get there and who owned the home where they were located. Brown and Townsend went there, broke in and took a number of hunting rifles and pistols, a color TV set and a chain saw. They went to Townsend's home and contacted Jerry Mincey who was interested in buying the guns. Brown and Townsend went to Mincey's place of employment and Brown showed the guns to Mincey and two other men, Richard Webb and Richard Cronic. Mincey bought four guns for $225 and Brown gave this money to Townsend, having agreed that Townsend would get the proceeds of the sale of the guns, and he would get the TV set. Townsend swore that he was drunk and did not know whether he participated in the burglary or not.

Mincey testified that Townsend was seated in Brown's truck and appeared sleepy but recognized and talked to him. Webb testified that when Townsend was asked if he had any shells for a particular gun he found some in his pocket and furnished them to Brown. The burglary victim stated that Townsend had lived next door for a year, that he had known him as a friend of his son for many years, and that Townsend had visited in his home on several occasions and was familiar with where the guns were kept.

This corroborating evidence as to Townsend's participation in the burglary was sufficient to satisfy the requirement of Code Ann. § 38-121 that such cor-

roboration do more than tend to cast a grave suspicion of guilt on the accused. *West v. State,* 232 Ga. 861, 864 (2) (209 SE2d 195) (1974); *Birt v. State,* 236 Ga. 815, 824 (2) (225 SE2d 248) (1976). "Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. [Cits.] The sufficiency of the corroboration of the testimony of the accomplice . . . is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence. [Cits.]" *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180) (1974); *Quaid v. State,* 132 Ga. App. 478 (1) (208 SE2d 336) (1974).

2. The trial court did not err in charging on parties to a crime (Criminal Code § 26-801). " 'While this Code section does not use the word "conspiracy" it is plain that it embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto.' *Scott v. State,* 229 Ga. 541, 544 (192 SE2d 367). The existence of a conspiracy may appear from 'direct proof, or by inference, as a deduction from conduct, which discloses a common design on the part of the persons charged to act together for the accomplishment of the unlawful purpose.' *Lumpkin v. State,* 176 Ga. 446, 449 (168 SE 241)." *McGinty v. State,* 134 Ga. App. 399, 400 (214 SE2d 678) (1975); *Jerdine v. State,* 137 Ga. App. 811 (1) (224 SE2d 803) (1976).

The corroborated evidence here conclusively established that Townsend and Brown were together on the day of the burglary; that Townsend had a thorough knowledge of the home burglarized; that he was in the immediate presence of the stolen goods when they were sold and conversed with the purchasers; and that he did not know whether or not he had committed the crime due to self-induced intoxication. This was sufficient to authorize the charge, for a conspiracy may be shown by circumstantial evidence. "To warrant the court in charging the jury on a given topic it is not necessary that the evidence should shine upon it with a clear light but 'it is enough if glimpses of it be afforded by the evidence.'

*Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13)." *Walden v. State,* 121 Ga. App. 142, 145 (1) (173 SE2d 110) (1970).

3. Townsend complains of the court's charge on recent unexplained possession of stolen property, asserting that there was no evidence of any of the stolen goods being in his possession. "In *Thomas v. State,* 33 Ga. App. 680 (127 SE 891), where counsel made practically the same statement, it was held that 'The charge of the court as to recent possession of stolen property was authorized by the evidence showing such possession by one of the alleged conspirators.' " *Diggs v. State,* 90 Ga. App. 853, 859 (84 SE2d 611) (1954). See also *Morris v. State,* 72 Ga. App. 466 (34 SE2d 46) (1945); *Neal v. State,* 130 Ga. App. 708 (2) (204 SE2d 451) (1974). Moreover, the evidence supported a finding that the guns were in Townsend's "immediate presence," which is sufficient to authorize the charge complained of. *Wisdom v. State,* 234 Ga. 650, 656 (217 SE2d 244) (1975). There is no merit in this contention.

4. Townsend's assertion that the trial court improperly expressed an opinion to the jury that Brown was an accomplice is not sustained by the record. The jury instructions cover ten pages of transcript and the only portion complained of is the statement, "Now the State contends that they have shown the guilt of Larry Townsend . . . by the testimony of a co-defendant/accomplice. . ." This is not an expression of opinion: " 'A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall.' *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13) (1887); *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975)." *Johnson v. State,* 140 Ga. App. 246 (1) (230 SE2d 499) (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED MARCH 3, 1977 — DECIDED MARCH 15, 1977 —
REHEARING DENIED MARCH 30, 1977 —

*Jane Kent Plaginos,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.