## 53705. PERKINS v. THE STATE.

Webb, Judge.

Carey E. Perkins was convicted of theft by taking and sentenced to ten years in the penitentiary. On appeal he enumerates as error the overruling of his motion for new trial, which was on the general grounds, but argues that the court erred in charging the jury and in allowing testimony which put his character in issue.

1. The particular language objected to was used in the charge defining reasonable doubt: "It is not a fancy or a conjecture or a supposition that the defendants *might be innocent . . .*" (Emphasis supplied.) Perkins contends the effect of this was to shift the burden to him to prove his innocence. We do not agree. Just prior to the excerpt objected to the court properly charged that the burden was upon the state to prove the defendant's guilt beyond a reasonable doubt and the jury was also fully instructed as to the defendant's presumption of innocence. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13) (1887); *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975); *Johnson v. State,* 140 Ga. App. 246 (1) (230 SE2d 499) (1976).

2. Perkins complains that the state's witness Redden, an undercover FBI agent, was allowed to testify that he had checked to see if Perkins had a police record and that Perkins had "continuously" admitted his involvement in criminal activities while Redden was attempting to enlist his aid in procuring some stolen machinery, thereby putting his character in issue. The transcript reveals that the court stated upon objection that this testimony was admitted only because defense counsel had told the jury in his opening argument that the defendants had been entrapped "and the District Attorney was meeting that head on." When Perkins' counsel denied that he was using entrapment as a defense the court prohibited further testimony in this regard. This

evidence tended to establish that Perkins had sufficient knowledge of, and familiarity with, heavy machinery to know how to locate, identify and transport the equipment he was accused of stealing, and that he was ready, willing and able to engage in these transactions and thus not entrapped. *Zinn v. State,* 134 Ga. App. 51 (2) (213 SE2d 156) (1975). It also "was admissible to show intent, motive, plan, scheme and bent of mind of the defendant." *Davis v. State,* 233 Ga. 638 (2) (212 SE2d 814) (1975) and cits.; *Graddy v. State,* 135 Ga. App. 69 (2) (217 SE2d 393) (1975); see also *Coley v. State,* 135 Ga. App. 810 (2) (219 SE2d 35) (1975). No reversible error appears.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED APRIL 6, 1977 — DECIDED APRIL 12, 1977.

*Mullis, Reynolds, Marshall & Horne, Arthur L. Phillips,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Don Thompson, Willis B. Sparks, III, Assistant District Attorneys,* for appellee.