## 33359. PETERS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and sentenced to life imprisonment. He appeals.

1. The evidence was sufficient to authorize the verdict. Corlis Norris testified she admitted Twanda Jones and the victim, James Kirk, into her apartment about midnight on May 5, 1977. The couple eventually went into an adjoining bedroom. About thirty minutes later, this witness heard a knock at the back door. She asked Twanda who it was and was told it was the appellant, Oliver Peters. Twanda left the apartment to get some beer. About fifteen minutes later, Corlis Norris testified she heard sounds of a tussle in the next bedroom. She stepped into the hall in time to see the appellant and Larry Barnes standing in the front of a closet. Barnes ran past her and out the back door. Appellant looked at her, pointed a pistol into the closet, fired, then ran past her into the kitchen and out the back door. The victim fell out of the closet on the floor with a fatal bullet wound in his neck. She screamed and awakened her husband, Eddie Lee Zinnamon, who examined the victim and ran to an assistant resident manager's apartment to summon police and an ambulance. Appellant was seen out of the window by this witness and Twanda Jones, who had returned to the apartment, backing his car. They called to him to come back up to the apartment. He did so, telling these witnesses Larry Barnes had taken the gun and run away. At the police station that morning, Corlis Norris and Twanda Jones gave statements indicating the victim had been shot elsewhere and had stumbled into their apartment. However, the next morning, they changed their statements. Their testimony at trial conformed essentially with these latter statements. Appellant had told police he had arrived at the apartment after midnight, had seen the lights on in the apartment and in the resident manager's apartment, had asked Zinnamon, "What's happening?" and had then gone into the apartment. The jury resolved any issues of credibility of the witnesses in favor of conviction. There was no error on the general grounds.

2. There is no evidence in this transcript of trial to support the complaint of appellant that the witness, Eddie Lee Zinnamon, gave perjured testimony.

3. There was no error in denying the motion for new trial based upon newly-discovered evidence. The record shows this was the second trial of the accused, the first trial ending in a "hung" jury. Following the completion of this, the second trial, appellant now seeks to have testimony of the resident manager, Charles Allen, considered which merely affirms appellant was seen entering the apartment with Zinnamon and an officer by the back door. Such evidence, if true, would not rebut the sequence of events which occurred prior to the call of the police, nor was it so material that it would probably produce a different verdict. There was no error. See *Burge v. State,* 133 Ga. 431, 432 (66 SE 243) (1909); *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971).

4. The evidence supported a charge by the judge of Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271), setting forth the law regarding parties to a crime. There was no error. See *Townsend v. State,* 141 Ga. App. 743, 744-745 (2) (234 SE2d 368) (1977).

5. Material evidence regarding the findings of a microanalyst, Richard Ernest, showing strong traces of primer residue, including antimony, barium and lead, on hand wipings taken from appellant *and* Twanda Jones, was introduced at appellant's first trial over strong objection by appellant. At the second trial, this evidence was not introduced by the state and the defense, who, prior to trial, received a list of witnesses to be used by the state, apparently chose not to compel Ernest's appearance for the defense. There was no issue of disclosure here where the defense knew the evidence existed and chose not to present it at trial. The rule in Brady v. Maryland, 373 U. S. 83, is inapposite.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 14, 1978 — DECIDED APRIL 4, 1978.

*Silver, Zevin, Sewell & Turner, Murray M. Silver,* for

appellant.

*Lewis R. Slaton, District Attorney, Thomas W. Thrash, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.