### 57592. HUGHES v. THE STATE.

UNDERWOOD, Judge.

Bobby Hughes appeals his conviction on all counts of a three-count indictment, two of which charged him with selling pentobarbital in violation of Schedule II of the Controlled Substances Act, Code Ann. § 79A-807, and the third of which charged that he, "along with Michael Lesley Clodfelter and Mark Selby Thomas, did unlawfully possess with intent to distribute" marijuana in violation of the Controlled Substances Act, Code Ann. § 79A-811(j). The only contention on this appeal is that the evidence was insufficient to support the guilty verdict as to the marijuana count, but, finding no substance to this complaint, we affirm.

The court as the trier of fact was authorized to conclude from the evidence that Hughes was the "connection" between Horne, an undercover agent posing as the buyer, and Mark Thomas and Hughes' roommate Clodfelter, the suppliers; that Hughes had shown the agent a sample of the marijuana and they had agreed upon the terms; that Hughes brought Thomas, Clodfelter and the agent together for a sale of approximately ten pounds of marijuana, with Hughes to receive $75 of the purchase price; and that the arrests were made when all four of these participants had finally assembled, after elaborate machinations appropriate to the occasion just prior to the money changing hands as the sale was "going down."

However, it is Hughes' contention that since the evidence showed his manual possession to be only the sample, and not the entire ten pounds from which it was taken, the conviction under the marijuana count was not authorized. This contention is based upon the premise

posited in the brief that "conviction of possession with intent to distribute marijuana is not authorized by evidence that the [accused] possessed marijuana of less than one ounce. Cases authorizing conviction of possession with intent to distribute controlled substances have invariably required large quantities of the controlled substance." No authority has been cited which can be said to support the contended-for premise. But assuming arguendo that the state was required to show Hughes' connection with the larger amount, he clearly fits the definition of one who ". . .(3) intentionally aids or abets in the commission of crime; or (4) intentionally advises, encourages, hires, counsels, or procures another to commit the crime" and is thus a "person concerned" in the commission of the crime so as to be chargeable as a conspirator and thus a party thereto under Criminal Code § 26-801 (b) (3), (4) (*McGinty v. State,* 134 Ga. App. 399 (1) (214 SE2d 678) (1975); *Evans v. State,* 139 Ga. App. 607, 608 (3) (229 SE2d 88) (1976)), which may be proved and given in charge even though not alleged in the indictment (*Ingram v. State,* 134 Ga. App. 935, 936 (2) (216 SE2d 608) (1975); *Bruster v. State,* 228 Ga. 651, 652 (3) (187 SE2d 297 (1972)); and possession of the ten pounds by the other conspirators in Hughes' immediate presence can be properly charged to him. *Townsend v. State,* 141 Ga. App. 743 (2,3) (234 SE2d 368) (1977). See also Code Ann. § 79A-812.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED APRIL 9, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED MAY 23, 1979.

*Paul S. Weiner,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.