## 58614. REECE v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction on the offense of theft by receiving stolen property. We affirm.

1. Appellant maintains that the court erred in denying his motion to suppress evidence unlawfully obtained.

On the issue of "standing," we agree with appellant's contentions. Since defendant was charged with an offense, "the essential element of which is possession" (*Cook v. State*, 134 Ga. App. 712 (2) (215 SE2d 728)), defendant is endowed with automatic standing to challenge the validity of the searches of which he complains. Id. See also *State v. Davidson*, 140 Ga. App. 338 (231 SE2d 93); *Herndon v. State*, 138 Ga. App. 346 (226 SE2d 141). (To the

extent that *Autry v. State*, 150 Ga. App. 584 (1) (258 SE2d 268), implies a contrary result, it is not the law and will not be followed.) However, although appellant may have had standing to contest the searches, we disagree with appellant's contention that the evidence obtained therefrom was subject to his motion to suppress.

A. Specifically, defendant complains of the warrantless aerial search conducted by the investigating officers, wherein the officers spotted what they believed to be stolen vehicles stored in an open field on the property of one Wesley Reece (brother of the defendant).

Even assuming, as appellant contends, that flying over the property of Wesley Reece constituted a trespass, and thus an unlawful search, since "the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers and effects' is not extended to open fields" (Hester v. United States, 265 U. S. 57, 59 (44 SC 445, 68 LE 898)), the evidence obtained from the aerial search was not inadmissible as the product of an illegal search. See also *Kennemore v. State*, 222 Ga. 252 (2) (149 SE2d 471); *Patterson v. State*, 133 Ga. App. 742 (212 SE2d 858).

B. Additionally, appellant submits that the court erred in admitting evidence obtained from a search of the premises for which a warrant was obtained. Appellant argues that the warrant was issued based upon information received from a police officer (other than the officer to whom the warrant was issued), who in turn had received the information from other sources whose reliability appellant contends was not properly demonstrated.

Although the warrant was admittedly issued on the basis of hearsay, " '[h]earsay may support the issuance of a valid warrant if the magistrate is informed of some of the underlying circumstances supporting the affiant's conclusions and his belief that the informant was credible or his information reliable.' [Cits.]" *Galgano v. State*, 147 Ga. App. 284, 285 (248 SE2d 548).

The fact that the affidavit for issuance of the warrant was based upon information received by the affiant from another police officer, who in turn received the information from "informants," does not preclude a

finding of probable cause if the reliability of such informants is established. *McNeal v. State*, 133 Ga. App. 225 (2) (211 SE2d 173).

Contrary to appellant's contention, we find that the reliability of the informants was sufficiently established. Since the information supplied by at least one of the informants was against his penal interest (and related to the crime for which defendant was charged), it is invested with inherent credibility. See *Smith v. State*, 136 Ga. App. 17, 19 (220 SE2d 11).

Moreover, since the officer's investigation of the information received from his informants corroborated their allegations against the defendant, the reliability of the informants was sufficiently established to justify the issuance of the search warrant. See, e.g., *Dugan v. State*, 130 Ga. App. 527 (1) (203 SE2d 722); *Simmons v. State*, 233 Ga. 429, 432 (211 SE2d 725); *Johnston v. State*, 227 Ga. 387 (1) (181 SE2d 42). This being so, the court properly denied defendant's motion to suppress evidence seized in connection with the warrant.

There is no validity to defendant's contention that the informant's information, which was corroborated approximately one week prior to the issuance of the warrant, was stale. See in this regard *Covington v. State*, 129 Ga. App. 150 (199 SE2d 348).

2. Even assuming, as appellant posits, that a "rough sketch" of the premises searched was improperly admitted into evidence, since appellant has failed to show any harm resulting from the court's alleged error, this enumeration is without merit. See *Snead v. State*, 127 Ga. App. 12 (3) (192 SE2d 415).

3. Appellant's enumeration of error on the general grounds is also without merit. The evidence showed that the Mack truck (which formed the basis of the charge against appellant) was on the property of Wesley Reece, in a field where defendant had asked his brother's permission to store "old cars." Wesley Reece himself testified that when he discovered the Mack truck on his property he asked defendant to remove the truck, which defendant agreed to do. (However, before the truck was removed, a warrant was issued and defendant placed under arrest.)

Contrary to appellant's contention, there was evidence of his possession of the truck. Indeed, in view of the evidence of defendant's possession of the stolen truck and the absence of a satisfactory explanation for his possession, in conjunction with other evidence establishing scienter, we conclude that the jury was authorized to return a verdict of guilty. See Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560). See generally *Mathis v. State*, 147 Ga. App. 148 (1) (248 SE2d 212); *Homer v. State*, 137 Ga. App. 485 (224 SE2d 117). Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED NOVEMBER 30, 1979 — REHEARING DENIED DECEMBER 12, 1979 —

*Charles W. Smith, Jr.*, for appellant.
*Jeff C. Wayne, District Attorney, Thomas M. Cole, Assistant District Attorney*, for appellee.