## 61735. KOZA v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was indicted in five counts for motor vehicle theft and one count of receiving stolen property, and convicted of all but one of the theft counts. Following a telephone call from an informant and the procuring of a search warrant detectives entered and took possession of the automobiles described in the indictment, keys to which were in the possession of the defendant. The defense was that Koza agreed with a person identified as Jeffrey Walker to store on his property cars repossessed by the latter from delinquent debtors. Koza testified at length and admitted changing some of the license tags, stating that he had been instructed to do so, and that he had a supply of extra tags. Walker was not further identified and did not appear at the trial. The evidence was uncontradicted that all of the vehicles were stolen, most of them from automobile sales lots, and at least two on the very day the search warrant was executed. On some vehicles the serial plates had been altered. In one case prior to the execution of the warrant the defendant was seen to "lift up the dashboard" of a Ford LTD and place a new VIN plate on it. In view of the evidence of possession along with the other evidence in the case and the absence of a satisfactory explanation of the presence of the property on the defendant's premises, along with his possession of the keys and license plates, the evidence was more than sufficient to authorize a rational trier of fact to arrive at a verdict of guilty beyond a reasonable doubt. *Reece v. State,* 152 Ga. App. 760 (3) (264 SE2d 258) (1979). This eliminates Enumerations 1 and 8.

2. A motion to suppress evidence obtained under the warrant was properly overruled. The attack is on the affidavit on which the warrant was based. It showed factually that the enforcement officers

obtained information from an informer proved reliable in the past that Koza had in his personal possession certain car keys, license tags and tag receipts, and that the stolen vehicles were on location at the rear of premises occupied by him. The lot was checked from adjoining property and vehicles seen as described. The facts stated were (a) not proved untrue; (b) not mere rumor; and (c) not vague and indefinite. That the police officer swearing to the affidavit had received some of the material sworn to from another officer who spoke directly with the informant does not vitiate the affidavit. *Reece v. State,* supra. The reliability of the informant was sufficiently stated. *Pickard v. State,* 152 Ga. App. 707 (263 SE2d 679) (1979).

3. The voluntariness of an out of court statement by the defendant must of course be determined before the statement is admitted in evidence. Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593). In the present case the Jackson-Denno hearing was by agreement combined with the hearing of the motion to suppress evidence. No objection was made to the subsequent ruling, nor to the same facts regarding the statement when testified to by a police officer. In the absence of objection there was no error in failing to make a separate finding of voluntariness. *Dent v. State,* 243 Ga. 854 (257 SE2d 241) (1979).

4. Ground 5 alleges that during a part of the voir dire examination of prospective jurors the trial judge temporarily absented himself from the courtroom. It is not urged that any untoward action occurred during this absence, and no objection was made either at the time or later. In *Malcom Bros. v. Pollock,* 181 Ga. 687, 689 (183 SE 917) (1935), it was stated: "In several cases this court has criticized the action of the judge in temporarily absenting himself from the court-room during the trial of a case without suspending the trial. The action was in each case, however, treated as an irregularity not requiring the grant of a new trial." Assuming without deciding that the voir dire examination was a part of the trial, in the absence of any claim of prejudice resulting from the absence we see no cause for reversal.

5. Enumerations 6, 7, 9, 10, 11 and 14 deal primarily with objections and motion for mistrial by the defendant's attorney, the general thrust of which is that the trial court showed bias in commenting on evidence, limiting the defendant's right to cross examination, denigrating the defendant's right to remain silent and conducting a prosecutorially oriented examination of the defendant. We have examined the indicated portion of the trial transcript in detail for the reason that, if any or all of these contentions can be factually upheld, a new trial would be necessary. We do not, however, find that the judge in any way overstepped the bounds of judicial

propriety. It is true that the court should not disparage a witness in the presence of the jury, nor should he underwrite his impression of a witness' veracity. *DeFreese v. State,* 232 Ga. 739, 744 (208 SE2d 832) (1974). The cited record does not bear out the defendant's contentions that the court commented on the evidence (except for correctly stating that certain issues were irrelevant) or on the defendant's right to remain silent (which he did not do, since he chose to testify at length). It was perhaps a mark of frustration for the judge to interrupt a lengthy cross examination with the remark: "Let me ask you a question. We got all kinds of time problems here. How long are you going to keep this up? I thought we would recess now." The attorney volunteered he needed a couple more minutes and the judge added: "I don't want to rush you but that's the point I'm trying to make." It does not appear there was an unconstitutional deprivation of the right of cross examination. There were no undue comments by either the court or the state's attorney as to the appellant's right to remain silent.

The 10th enumeration decries a lengthy examination of the defendant by the trial judge on the ground that it denied him a fair and impartial trial. No particular language is specified. We have read the excerpt carefully and find neither expressions of opinion nor improper cross examination. Two objections were made: one that it invaded the attorney-client privilege, at which the court withdrew the question; the other that "you are acting in the place of a district attorney." This objection is much too vague, especially when directed toward a proper question. The general rule is: " 'The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court . . . will not be cause for a new trial. . . unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character,' " quoted in *Dyer v. State,* 155 Ga. App. 705, 706 (2) (272 SE2d 568) (1980). No objection was directed to any such flaw and we cannot find that it in fact exists. These grounds are without merit, from which it follows that the motion for mistrial was also properly overruled.

6. As to Enumeration 12, we agree with the defendant that there was no basis in the testimony to support the district attorney's closing argument that Koza paid juveniles to steal the cars in question and therefore caused them to have criminal records. The testimony, which was in fact elicited by the defendant's counsel, was that the

informer had reported another series of thefts to the police from this motive. On objection, however, the court cautioned the attorney: "You make sure that you ask the jury to draw the inference and not state it as a matter of fact," following which the speaker argued the point as a choice between two inferences. The original argument was improper and under Code § 81-1009 it was the court's duty to both prevent it and rebuke counsel. He performed the first duty but not the second. However, no further objection was offered. The court did properly caution the state's attorney not to treat nonevidentiary matters as fact. "But not every remark of counsel, although it strains at the evidence, will justify a reversal." *Smith v. State,* 141 Ga. App. 529, 531 (233 SE2d 841) (1977).

7. The trial court charged Code §§ 26-801 and 26-802 defining parties to a crime. In view of the contradiction between the defendant's contention that he was an innocent bailee of the property stolen by an unproduced thief and the state's contention that he was knowingly aiding and abetting the theft, storage, and identification of the vehicles, the instruction on parties to crime was particularly apt. *Townsend v. State,* 141 Ga. App. 743 (2) (234 SE2d 368) (1977).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 6, 1981 —
REHEARING DENIED JUNE 1, 1981

*Louise T. Hornsby,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Thomas Thrash, Assistant District Attorneys,* for appellee.