**STATE of Iowa, Appellee,**

v.

**Alfred RYDER, Appellant.**

**No. 65807.**

Supreme Court of Iowa.

Feb. 17, 1982.

Lawrence F. Scalise, Thomas J. Levis and R. Wayne Saubert of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen. and Richard R. Jones, Taylor County Atty., for appellee.

Considered by UHLENHOPP, P.J., and McCORMICK, ALLBEE, LARSON, and SCHULTZ, JJ.

ALLBEE, Justice.

Defendant appeals from his jury trial conviction of first degree theft, a violation of sections 714.1(1) and 714.2(1), The Code 1979. He alleges error in trial court's failure to grant his motion to suppress evidence acquired as a result of an aerial observation of his land, and in trial court's decision to allow the jury to view the property allegedly stolen without formally admitting it into evidence. We affirm.

In August 1979, a 27-foot hydraulic wing disk valued at $8200 was reported stolen from a farm in Taylor County, Iowa. Shortly thereafter, it was learned that a pickup truck owned by defendant had been observed in a nearby town pulling a disk of similar description. Because defendant resided in Missouri and owned farmland in two counties there, the sheriffs of those counties were asked to assist in determining if the stolen disk could be located on defendant's property.

Unable to see any disk from the public roads abutting defendant's farms, and unable to locate a magistrate who could issue a search warrant, the two Missouri sheriffs obtained permission from the Taylor County sheriff to fly an airplane over defendant's land at Taylor County expense. During the flight, they observed a disk in a clump of trees on defendant's property. A stake-out was then posted on the adjacent public road, and defendant was subsequently arrested and the disk seized when he pulled the implement out onto the road.

### I. *Motion to suppress.*

Before trial, defendant moved to suppress all evidence obtained as a result of the aerial observation of the disk on his land, alleging that the observation constituted an illegal search. Trial court denied the motion.

■ While the question has not previously been addressed by this court, cases from other jurisdictions indicate that warrantless aerial observation of that which is not visible from most places on the ground is not *per se* a fourth amendment violation. *United States v. Mullinex*, 508 F.Supp. 512 (E.D. Ky.1980); *United States v. DeBacker*, 493 F.Supp. 1078 (W.D.Mich.1980); *People v. Superior Court*, 37 Cal.App.3d 836, 112 Cal. Rptr. 764 (1974); *Dean v. Superior Court*, 35 Cal.App.3d 112, 110 Cal.Rptr. 585 (1973); *People v. Sneed*, 32 Cal.App.3d 535, 108 Cal.Rptr. 146 (1973) (finding fourth amendment violation under particular facts shown, but recognizing that warrantless aerial observation may be constitutional under other facts and circumstances); *Reece v. State*, 152 Ga.App. 760, 264 S.E.2d 258 (1979); *People v. Lashmett*, 71 Ill.App.3d 429, 27 Ill.Dec. 657, 389 N.E.2d 888 (1979), *cert. denied*, 444 U.S. 1081, 100 S.Ct. 1034, 62 L.Ed.2d 765 (1980)(sheriff's observation from airplane of stolen farm machinery on defendant's property held not to constitute illegal search); *State v. Stachler*, 58 Haw. 412, 570 P.2d 1323 (1977); *State v. Davis*, 51 Or.App. 827, 627 P.2d 492, *petition denied*, 291 Or. 368, 634 P.2d 1346 (1981).

■ Such observation does not even constitute a "search" in the constitutional sense unless it is shown that the defendant had a reasonable expectation of privacy in the area thus exposed to aerial view. *Dean*, 35 Cal.App.3d at 117, 110 Cal.Rptr. at 589; *Stachler*, 58 Haw. at 416–17, 570 P.2d at 1326–27; *see Katz v. United States*, 389 U.S. 347, 351–52, 361, 88 S.Ct. 507, 511, 516, 19 L.Ed.2d 576, 582, 587–88 (1967); *State v. Dickerson*, 313 N.W.2d 526, 530–32 (Iowa 1981)(police observations through window of door to entryway of defendant's home did not constitute a search in the constitutional sense because defendant had no reasonable expectation of privacy in an area visible to any member of the public who came to his door); *State v. Holtz*, 300 N.W.2d 888, 892 (Iowa 1981).

Under the facts in most of the reported cases, it has been found that the defendant had no reasonable expectation of privacy from aerial observation. *Mullinex*, 508 F.Supp. at 514–15; *DeBacker*, 493 F.Supp. at 1081; *People v. Superior Court*, 37 Cal. App.3d at 839–40, 112 Cal.Rptr. at 765–66; *Dean*, 35 Cal.App.3d at 116–18, 110 Cal. Rptr. at 589–90; *Lashmett*, 71 Ill.App.3d at 431–32, 27 Ill.Dec. at 659, 389 N.E.2d at 890; *Stachler*, 58 Haw. at 418–20, 570 P.2d at 1327–28; *Davis*, 51 Or.App. at 830–31, 627 P.2d at 494. In the one case where a fourth amendment violation was found, the decision was apparently based largely on the fact that the officers' helicopter hovered at an illegally low height over the back yard of the defendant's rural home. *Sneed*, 32 Cal.App.3d at 542–43, 108 Cal.Rptr. at 151. Other special circumstances which could possibly indicate a fourth amendment violation have been mentioned in a number of the cases cited above.

■ Upon the record in this case, we hold that no error has been shown. "It is defendant's obligation to provide this court with a record which affirmatively discloses the error upon which he relies." *State v. Mark*, 286 N.W.2d 396, 402 (Iowa 1979). The relevant record for appellate review of a ruling on a motion to suppress is limited to the motion, any reply or resistance there-

to, the record of the suppression hearing, and the judge's ruling. *See State v. Untiedt,* 224 N.W.2d 1, 3 (Iowa 1974). In the present case, the suppression hearing was not recorded. The record does not disclose, and counsel have not informed us, that any evidence was presented at that hearing. *Cf. State v. Bakker,* 262 N.W.2d 538, 544 (Iowa 1978)(record showed that suppression hearing evidence was presented, but was not made a part of the record on appeal; hearing evidence assumed to be similar to that presented at trial). Thus, the entire record regarding defendant's motion to suppress consists of the motion, a portion of the Taylor County sheriff's deposition incorporated therein by reference, the State's reply and the judge's ruling. This record shows only that an aerial observation of defendant's land was made by law officers without obtaining a search warrant, that a disk which appeared similar to the stolen one was observed in a clump of trees, and that defendant was arrested when he brought the disk onto a public road.

█ Trial court's ruling is presumed to be correct unless the foregoing record shows otherwise. *Cf. State v. McKee,* 223 N.W.2d 204, 206 (Iowa 1974)(in absence of reporter's transcript showing otherwise, trial court was presumed to have acted correctly). A warrantless aerial observation is not *per se* a fourth amendment violation, and the record here fails to demonstrate special circumstances which might indicate there was such a violation in this case. There is no basis for disturbing trial court's ruling.

II. *Jury view.*

█ Defendant also asserts that trial court erred in permitting the jury to view the disk allegedly stolen when it had not been formally introduced into evidence. This issue was not raised by defendant until after trial, when he filed a motion for new trial. Ordinarily an objection first made in a motion for a new trial is untimely and does not preserve error. *State v. Steltzer,* 288 N.W.2d 557, 559 (Iowa 1980); *Kalianov v. Darland,* 252 N.W.2d 732, 738 (Iowa

1977). Although during trial the judge had reserved defendant's right to object to the view "at a later date," this permission did not extend beyond the end of the trial itself. Therefore, defendant did not preserve error on this question, and there is nothing for us to review. *See Bahnsen v. Rabe,* 276 N.W.2d 413, 415–16 (Iowa 1979).

AFFIRMED.